# EXHIBIT "A"

627493.1

Cause No. 2020-32574

*Jamie T. Jackson And Mary M. Jackson, Plaintiffs*

*v.*

*PHH Mortgage Corporation, U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, Successor by Merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RP4, and Power Default Services, Inc., Defendants*

In the 127th Judicial District Court, Harris County, Texas

## INDEX OF STATE COURT FILE DOCUMENTS

1. Court Docket Sheet ................................................................................................. 7/15/2020

2. Plaintiff's Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction .......................................................... 5/29/2020

3. Request to Issue Citations ........................................................................................ 6/8/2020

4. Citation (US Bank NA) ............................................................................................ 6/19/2020

5. Citation (Power Default Services, Inc.) .................................................................. 6/19/2020

6. Citation (PHH Mortgage Corporation) ................................................................... 6/19/2020

7. Defendant's Original Answer ................................................................................... 7/7/2020

8. Defendant Power Default Services, Inc. 1st Amended Answer and Verified Denial as Substitute Trustee ................................................................................... 7/15/2020

627493.1

**HCDistrictclerk.com**       JACKSON, JAMES T vs. PHH MORTGAGE                7/15/2020
                              CORPORATION
                              Cause: 202032574        CDI: 7        Court: 127

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

| CASE DETAILS | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| File Date | 5/29/2020 | Court | 127th |
| Case (Cause) Location | Civil Intake 1st Floor | Address | 201 CAROLINE (Floor: 10) |
| Case (Cause) Status | Active - Civil | | HOUSTON, TX 77002 |
| Case (Cause) Type | Other Property | | Phone:7133686161 |
| Next/Last Setting Date | N/A | JudgeName | R. K. SANDILL |
| Jury Fee Paid Date | N/A | Court Type | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| JACKSON, JAMES T | PLAINTIFF - CIVIL | | HELSTOWSKI, JOHN |
| PHH MORTGAGE CORPORATION | DEFENDANT - CIVIL | | DEVRIES, GREG STEWART |
| JACKSON, MARY M | PLAINTIFF - CIVIL | | HELSTOWSKI, JOHN |
| U S BANK NATIONAL ASSOCIATION (AS TRUSTEE SUCCESSOR IN INTEREST TO | DEFENDANT - CIVIL | | DEVRIES, GREG STEWART |
| POWER DEFAULT SERVICES INC (FOREIGN CORPORATION) | DEFENDANT - CIVIL | | |

DEVRIES,
GREG
STEWART

| | | |
|---|---|---|
| PHH MORTGAGE CORPORATION (FOREIGN LIMITED LIABILITY COMPANY) MAY BE | REGISTERED AGENT | |
| U S BANK NATIONAL ASSOCIATION AS TRUSTEE SUCCESSOR IN INTEREST OF | REGISTERED AGENT | |
| POWER DEFAULT SERVICES INC (FOREIGN CORPORATION) MAY BE SERVED | REGISTERED AGENT | |

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 7/7/2020 | ANSWER ORIGINAL PETITION | | | 0 | | DEVRIES, GREG STEWART | POWER DEFAULT SERVICES INC (FOREIGN CORPORATION) |
| 7/7/2020 | ANSWER ORIGINAL PETITION | | | 0 | | DEVRIES, GREG STEWART | U S BANK NATIONAL ASSOCIATION (AS TRUSTEE SUCCESSOR IN INTEREST TO |
| 7/7/2020 | ANSWER ORIGINAL PETITION | | | 0 | | DEVRIES, GREG STEWART | PHH MORTGAGE CORPORATION |
| 5/29/2020 | ORIGINAL PETITION | | | 0 | | HELSTOWSKI, JOHN | JACKSON, MARY M |
| 5/29/2020 | ORIGINAL PETITION | | | 0 | | HELSTOWSKI, JOHN | JACKSON, JAMES T |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | PHH MORTGAGE CORPORATION (FOREIGN LIMITED LIABILITY COMPANY) MAY BE | 6/9/2020 | 6/9/2020 | 6/15/2020 | | | 73756424 | E-MAIL |
| | 211 EAST 7TH STREET SUITE 620 AUSTIN TX 78701 | | | | | | | | | |
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | U S BANK NATIONAL ASSOCIATION AS TRUSTEE SUCCESSOR IN INTEREST OF | 6/9/2020 | 6/9/2020 | 6/15/2020 | | | 73756426 | E-MAIL |
| | 1999 BRYAN STREET SUITE 900 DALLAS TX 75201 | | | | | | | | | |
| CITATION CORPORATE | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | POWER DEFAULT SERVICES INC (FOREIGN CORPORATION) MAY BE SERVED | 6/9/2020 | 6/9/2020 | 6/15/2020 | | | 73756430 | E-MAIL |
| | 211 EAST 7TH STREET SUITE 620 AUSTIN TX 78701 | | | | | | | | | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 91207823 | Defendants' Original Answer | | 07/07/2020 | 4 |
| | Defendants' Original Answer | | 07/07/2020 | |
| 91007412 | Citation (PHH Mortgage Corporation) | | 06/19/2020 | 5 |
| 91007433 | Citation (Power Default Services Inc) | | 06/19/2020 | 5 |
| 91007585 | Citation (US Bank National Association) | | 06/19/2020 | 5 |
| 90865171 | Request to Issue Citations | | 06/08/2020 | 2 |
| 90760406 | PLAINTIFFS ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION | | 05/29/2020 | 16 |
| -> 90760407 | EXHIBIT A | | 05/29/2020 | 4 |
| -> 90760408 | EXHIBIT B | | 05/29/2020 | 15 |
| -> 90760409 | EXHIBIT C | | 05/29/2020 | 7 |
| -> 90760410 | EXHIBIT D | | 05/29/2020 | 11 |
| -> 90760411 | EXHIBIT E | | 05/29/2020 | 5 |
| -> 90760412 | EXHIBIT F | | 05/29/2020 | 4 |
| -> 90760413 | EXHIBIT G | | 05/29/2020 | 4 |

5/29/2020 5:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43347293
By: Monica Jackson
Filed: 5/29/2020 5:40 PM

## CAUSE NO. _____

| | | |
|---|---|---|
| JAMIE T. JACKSON and MARY M. JACKSON, husband and wife, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| v. | § § | |
| PHH MORTGAGE CORPORATION; U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-RP4; and POWER DEFAULT SERVICES, INC.,  and their successors and/or assigns, | § § § § § § § § § § § § § § § § | _____ JUDICIAL DISTRICT |
| Defendants. | § § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** JAMIE T. JACKSON and MARY M. JACKSON, husband and wife, hereinafter called Plaintiffs, complaining of and about PHH Mortgage Corporation; U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee, for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RP4; and Power Default Services, Inc., and their successors and/or assign, as Defendants, and for their claims and causes of action set forth herein below, respectfully show unto the Court the following:

# I.

## DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiffs intend that discovery be conducted under Discovery Level 2.

# II.

## PARTIES AND SERVICE

2.      Plaintiff, Jamie T. Jackson ("Mr. Jackson"), is an individual whose present address is 21807 Blossom Grove Lane, Spring, Texas 77379-5111. The last three digits of his driver's license number are XXX, and the last three digits of his social security number are XXX.

3.      Plaintiff, Mary M. Jackson ("Mrs. Jackson"), is an individual whose present address is 21807 Blossom Grove Lane, Spring, Texas 77379-5111. The last three digits of her driver's license number are XXX, and the last three digits of her social security number are XXX.

4.      Defendant PHH Mortgage Corporation ("PHH"), is a foreign limited liability company doing business in the State of Texas and purports to be the current loan servicer of Plaintiffs' home mortgage loan made the subject of this suit, and may be served with process by serving its registered agent, Corporation Service Company (CSC), 211 East 7th Street, Suite 620, Austin, Texas 78701. Service of process upon said Defendant as described above can be effectuated by personal delivery to its registered agent identified herein.

5.      Defendant U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee, for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RP4 ("U.S. Bank"), is a national banking

association doing business in the State of Texas as a mortgage lender and purports to be the current mortgagee of Plaintiff's home mortgage loan made the subject of this suit, and may be served with process by serving its registered agent, CT Corporation Systems, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service of process upon said Defendant as described above can be effectuated by personal delivery to its registered agent identified herein.

6.      Defendant Power Default Services, Inc. ("Power Default"), is a foreign corporation doing business in the State of Texas as a foreclosure trustee company, and has posted Plaintiff's homestead property made the subject of this suit for foreclosure sale, and may be served with process by serving its registered agent, Corporation Service Company (CSC), 211 East 7th Street, Suite 620, Austin, Texas 78701. Service of process upon said Defendant as described above can be effectuated by personal delivery to its registered agent identified herein.

**III.**

**<u>JURISDICTION AND VENUE</u>**

7.      The subject matter in controversy is within the jurisdictional limits of this court.

8.      Plaintiffs seek:

a.      monetary relief of less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees; and,

b.      injunctive relief in the form of a temporary restraining order and temporary injunction.

9.      This court has personal jurisdiction herein because each of the defendants are Texas residents and/or routinely engage in or transact business with sufficient minimum contacts in the State of Texas.

10.      Venue is proper in Harris County, Texas in this cause pursuant to TEX. CIV.

PRAC. & REM. CODE § 15.011 et seq., and because this action involves real property situated entirely in Harris County, Texas, and because all of the acts, events and/or occurrences that form the basis of this lawsuit occurred, or were obligated to occur in Harris County, Texas.

## IV.

## FACTUAL ALLEGATIONS

11.     On July 26, 2006, Plaintiffs purchased the real property and improvements commonly known as 21807 Blossom Grove Lane, Spring, Texas 77379-5111, and legally described, to wit:

> **LOT NINE (9), IN BLOCK THREE (3), SPRING TERRACE, SEC. TWO, AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE 570228 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS ("Property");**

which is the Plaintiffs' homestead. **At all relevant and material times hereto, Plaintiffs were and are the fee simple owners of the subject Property**. (emphasis added). A true and correct copy of the General Warranty Deed With Vendor's Lien recorded as Instrument No. Z531560 of the official real property records of the Harris County Clerk's office is attached hereto marked Exhibit "A" and incorporated herein by reference for all purposes.

12.     On that same date, July 26, 2006, Mr. Jackson also applied for and obtained a mortgage loan and executed a Promissory Note ("Note") in the original principal amount of $134,569.00, payable to Option One Mortgage Corporation ("Original Lender"), and which note was secured by a Deed of Trust ("Deed of Trust") of even date to Thomas F. Vetters, Trustee. A true and correct copy of the  Deed of Trust recorded as Instrument No. Z531561 of the official real property records of the Harris County Clerk's office is attached hereto marked Exhibit "B" and incorporated herein by reference for all purposes. The Note and Deed of Trust are hereinafter collectively referred to as the "Plaintiffs' Loan".

13. Initially, Plaintiffs began making their monthly payments under Plaintiffs' Loan to the original lender, Option One.

14. For the first few years, things went very smoothly for the Plaintiffs, but then a series of personal and financial hardships befell the Plaintiffs over the course of the next several years, and along with the 2008 global financial crisis and the fact that Mr. Jackson is self-employed, and the constant unwillingness of any of the defendants or their predecessors-in-interest to provide any mortgage relief or loss mitigation assistance, led to the present situation with the mortgage loan.

15. First, in 2008, one of Plaintiffs' daughters was the victim of a brutal sexual assault, which forced Plaintiffs to miss work in order to care for her physical and emotional needs, which lead to an initial default under the mortgage loan.

16. Shortly after the sexual assault, the 2008 global financial crisis came along and that caused additional financial stress on the Plaintiffs and their family.

17. Thereafter, the loan was service transferred from the original lender to Litton Loan Servicing, LP ("Litton"). Starting in late 2008, Plaintiffs reached out to Litton and sought help with their mortgage loan in the form of mortgage relief or loss mitigation assistance. Plaintiffs made numerous inquiries and completed and submitted numerous loss mitigation applications, but Litton failed to ever provide any assistance or relief of any kind.

18. In 2010, Mr. Jackson suffered a heart attack which caused even more financial and personal stress to him and the family as he was disabled and unable to work for a period of over two years.

19. Once again Plaintiffs reached out to Litton and requested mortgage relief assistance and a loan modification, and submitted several applications and supporting

documents, only to be repeatedly told that the documents were missing or insufficient, and that new documents were needed, and were then caught in this ridiculous cycle for months on end and not once did Litton ever offer any actual help or assistance of any kind.

20.     Subsequently, in early 2013, after Mr. Jackson was finally able to return to work, yet additional tragedies struck the Plaintiffs. Mrs. Jackson became seriously ill and was ultimately declared medically disabled after enduring several months of pain and suffering due to her illness. In addition, another one of their children was also stricken with a serious illness and had to be hospitalized. All of these additional expenses and financial burdens forced Plaintiffs into financial dire straits.

21.     During that same time period, early 2013, the servicing of Plaintiffs' Loan was transferred to Ocwen Loan Servicing, LLC ("Ocwen"), which upon information and belief is owned by the exact same parent company as Defendant PHH.

22.     Plaintiffs then contacted Ocwen and once again started the process to request mortgage relief assistance and a loan modification to resolve the mortgage delinquency. Plaintiffs then submitted numerous additional applications for mortgage relief assistance and a loan modification, and once again their requests fell on dear ears as Ocwen refused to provide them with any assistance of any kind, and instead posted their home for foreclosure.

23.     As a result of their home being posted for foreclosure, Mr. Jackson filed a Chapter 7 bankruptcy under Case No. 16-33292, and was awarded a discharge under the case by Order dated October 13, 2013. A true and correct copy of Mr. Jackson's 2013 Chapter 7 bankruptcy case docket report is attached hereto marked Exhibit "C" and incorporated herein by reference for all purposes.

24.     Thereafter, Plaintiffs once again contacted Ocwen and once again sought help and

assistance concerning the Plaintiffs' Loan in the form of loss mitigation and loan modification, and once again no help of any kind was offered. At that point, Ocwen continued to add unexplained fee after fee and charge after charge to the loan balance such that it was becoming exceedingly difficult for the Plaintiffs' to be able to resume making affordable monthly payments. Plaintiffs were also very disenfranchised by receiving written letters from Ocwen offering to help, and then doing everything asked of them to seek the help and providing every document requested, only to be told that the documents are missing, or the documents are insufficient, or are stale dated and need to be updated. This process also took a serious toll on the health and welfare of the Jackson family, who were attempting in earnest to bring about a resolution.

25.     Predictably, in July 2016, after having been denied any loss mitigation or loan modification options, Ocwen once again re-posted the Plaintiffs' homestead property for foreclosure sale, and once again Mr. Jackson took action to protect his and his family's home by filing a Chapter 13 bankruptcy under Case No. 16-33292. A true and correct copy of Mr. Jackson's 2016 Chapter 13 Bankruptcy Case Docket Report is attached hereto marked Exhibit "D" and incorporated herein by reference for all purposes.

26.     Mr. Jackson then obtained confirmation of his Chapter 13 plan on November 22, 2016, and thereafter began making plan payments to the trustee. According to the records of the Chapter 13 bankruptcy trustee, Mr. Jackson paid a total of $17,485.00 in chapter 13 payments under his plan, and that at least $12,994.81 was paid to Ocwen toward the principal balance owed under Plaintiffs' Loan. A true and correct copy of the Chapter 13 Standing Trustee's Final Report and Account to evidence the same is attached hereto marked Exhibit "E" and incorporated herein by reference for all purposes.

27.     Unfortunately, Mr. Jackson's bankruptcy case was then dismissed on November 9, 2017, for failure to modify his plan.

28.     In May 2018, Defendant U.S. Bank attempted to complete yet another foreclosure sale of the Plaintiffs' homestead property and actually purported to sell the property at auction on May 1, 2018; however, in order to protect her and her family's rights and interests in their home, Mrs. Jackson filed a pro se Chapter 13 bankruptcy under Case No. 18-32164 on April 27, 2018, and provided notice of the filing to Defendant U.S. Bank, through Ocwen, and was unaware that Defendant U.S. Bank and Ocwen had actually completed a foreclosure sale on May 1, 2018.

29.     Subsequently, Plaintiffs we forced to pay an attorney to demand that Defendant U.S. Bank and its servicer, Ocwen, rescind its/their illegal foreclosure sale and restore Plaintiffs with fee simple title to their property. On June 14, 2018, the Substitute Trustee who conducted the foreclosure sale, executed and recorded a Rescission of Foreclosure Sale Deed wherein Plaintiffs were restored with title and ownership of their homestead property. A true and correct copy of the Rescission of Foreclosure Sale Deed is attached hereto marked Exhibit F" and incorporated herein by reference for all purposes.

30.     Thereafter, the servicing of Plaintiffs' Loan was transferred to Defendant PHH.

31.     In early 2019, Plaintiffs made yet another good faith effort to reach out to Defendant PHH and seek mortgage relief assistance of any kind, including applying for a loan modification.

32.     On or about June 2019, Plaintiffs had submitted their FIRST COMPLETE loan modification application to Defendant PHH, which acknowledged to Plaintiffs that their application was complete.

33.     On or about September 2019, Defendant PHH informed Plaintiff that their loan

modification had been denied but failed to provide any details as to why, nor were Plaintiffs notified of any right to appeal the denial.

34.     Plaintiffs made numerous phone calls to Defendant PHH and were put on hold for long periods of time and then transferred from one employee to the next and no one could provide any explanation, assistance or help concerning the loan modification. It seemed to Plaintiffs that no one seemed cared about resolving the Plaintiffs' Loan delinquency but them. After all, they had paid $12,994.81 in principal payments under Mr. Jackson's Chapter 13 bankruptcy plan and had not received any documentation from either Ocwen or Defendant PHH which gave them any credit for those payments, so they did not understand the unexplained reason for the denial of their loan modification, and had no idea that they could actually appeal the denial, when it was clear that they had been trying so hard.

35.     On or about April 23, 2020, Defendants PHH and/or U.S. Bank, through Defendant Power Default, provided Plaintiff with written notice of the acceleration of Plaintiffs' Loan and that their homestead property had been posted for foreclosure sale on June 2, 2020. A true and correct copy of the Notice of [Substitute] Trustee's Sale is attached hereto marked Exhibit "G" and incorporated herein by reference for all purposes.

36.     At no point since Plaintiffs paid over $12,994.81 in principal loan payments under Mr. Jackson's Chapter 13 bankruptcy plan as described herein have any of the Defendants or their predecessor(s)-in-interest provided Plaintiffs with any written notice of default and opportunity to cure notice, nor informed Plaintiffs of the exact amount required to cure the default, nor the 20-day time period in which to cure the default as expressly required under paragraph 21 of the Deed of Trust and/or TEX. PROP. CODE §51.002 et seq., nor have Plaintiffs been provided with any written notice which accounts for any credit for the payments

made under the Chapter 13 plan as described herein.

**V.**

**FIRST CAUSE OF ACTION -
APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND TEMPORARY INJUNCTION**

37.     Plaintiffs hereby incorporate by reference and reallege all material allegations of fact set forth in Section IV above as if fully set forth herein.

38.     Pursuant to Rule 680 of the Texas Rules of Civil Procedure, Plaintiffs hereby seek immediate relief in the form of a Temporary Restraining Order wherein this Court orders, retrains and prohibits the Defendants, and/or any of its/their agents, employees, attorneys, trustees, substitute trustees, successors and/or assigns, from foreclosing upon Plaintiffs' homestead property for a period of at least fourteen (14) days until a temporary injunction hearing is held by this Court concerning whether Plaintiffs have a probable right of recovery for their various claims and causes of action pleaded herein. There presently exists an imminent threat of irreparable harm to Plaintiffs in the form of the Defendants' and/or its/their agents, employees, attorneys, trustees, substitute trustees, successors and/or assigns stated intent to complete a foreclosure sale and divest Plaintiffs of their fee simple title and ownership interest in and to their homestead property unless this Court immediately restrains such acts or conduct as requested herein.

39.     Moreover, after issuance of a temporary restraining order, and upon notice and a hearing as required by law, Plaintiffs further seek entry of a Temporary Injunction to maintain the status quo and prohibit the Defendants, and/or any of its/their agents, employees, attorneys, trustees, substitute trustees, successor and/or assigns from foreclosing or attempting to foreclose on Plaintiffs' homestead property until the merits of Plaintiffs' various claims and causes of

action as pleaded herein can be fairly and fully adjudicated.

## VI.

### SECOND CAUSE OF ACTION –
### BREACH OF CONTRACT AND FAILURE OF CONDITION PRECEDENT

40.     Plaintiffs hereby incorporate by reference and reallege all material allegations of fact set forth in Section IV and V above as if fully set forth herein.

41.     The acts, conduct or omissions of the Defendants PHH, U.S. Bank and/or Power Default as described herein, *supra*, also constitute a material breach of the Deed of Trust contract, which material breach also constitutes a failure of condition precedent as to its/their attempted acceleration of Plaintiffs' Loan and posting of Plaintiffs' homestead property for foreclosure sale, and which material breach is the proximate cause of the actual damages sustained and incurred by Plaintiffs in excess of the minimum jurisdictional limits of this Court.

42.     Specifically, since Plaintiffs made several payments in Mr. Jackson's Chapter 13 bankruptcy case, the Defendants were required to provide Plaintiffs with a Notice of Default and Opportunity to Cure notice as expressly required under paragraph 21 of the Deed of Trust (*see* Exhibit "B") and TEX. PROP. CODE §51.002(d), and to Plaintiffs with at least 20 days to cure the default before accelerating the Plaintiffs' Loan and posting their property for foreclosure sale, and such failure to provide said notice constitutes a material breach of the Deed of Trust contract and a failure of condition precedent that must occur before the power of sale provision in the Deed of Trust can be exercised, and is a producing cause of the actual damages sustained and incurred by Plaintiffs in excess of the minimum jurisdictional limits of this court.

## VII.

### THIRD CAUSE OF ACTION -
### VIOLATIONS OF RESPA AND REGULATION X

43.     Plaintiffs hereby incorporate by reference and reallege all material allegations of fact set forth in Sections IV, V and VI above as if fully set forth herein.

44.     Pursuant the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605(f), Plaintiffs have a private right of action providing for remedies for the claimed breaches of RESPA, including actual damages, costs, statutory damages and attorney's fees.

45.     Plaintiffs' mortgage loan is a "federally related mortgage loan" as that term is defined by 12 C.F.R. §1026.41(e)(4), and Defendants PHH and U.S. Bank are subject to these regulations and do not qualify for the exception for a "small servicer" or "qualified lender" as defined in 12 C.F.R. §617.700.

46.     Specifically, the acts, conduct and/or omissions of Defendants PHH and/or U.S. Bank as alleged herein, *supra*, which at all material times hereto was/were acting in its/their alleged capacities as "mortgage servicer" and "mortgagee" of Plaintiffs' Loan constitute violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605(f) and (g), because Defendants PHH and U.S. Bank failed to adequately respond to Plaintiffs' COMPLETE loan modification, or to provide Plaintiffs with any notice of their right to appeal the denial, and instead proceeded to dual track the Plaintiffs and post their homestead property for foreclosure sale, all of which acts, conduct or omissions constitute violations of Regulation X, 12 C.F.R. §1024.41 et seq., and those statutory violations are a producing cause of the actual damages sustained and incurred by Plaintiffs in excess of the minimum jurisdictional limits of this Court.

**VIII.**

**FOURTH CAUSE OF ACTION -**
**VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT (TDCA)**

47.     Plaintiffs hereby incorporate by reference and reallege all material allegations of fact set forth in Sections IV, V, VI and VII above as if fully set forth herein.

48.     The acts, conduct and/or omissions of Defendants PHH as described herein, *supra*, which at all material times was acting in its capacity as "mortgage servicer" of Plaintiffs' Loan on behalf of Defendant U.S. Bank, and which acquired the servicing at a time when the subject loan was in default, of failing to provide Plaintiffs with any written notice of default and opportunity to cure notice after Plaintiffs' had paid sizeable amounts toward the loan balance while in bankruptcy, which clearly changed the actual amount due and owing to cure the default, and of failing to provide Plaintiffs with any credit for those sizeable payments, and instead proceeding to accelerate the Plaintiffs' Loan and file post their homestead property for foreclosure sale each constitute violations of the Texas Debt Collection Act, TEX. FIN. CODE § 392.001 et seq. ("TDCA"), because all of those acts, conduct or omissions constitute the intentional and/or knowing misrepresentation of the character, amount or extent of the debt to be collected, and which false representations of material fact Plaintiffs relied upon to their detriment, and are a producing cause of the actual damages sustained and incurred by Plaintiffs in excess of the minimum jurisdictional limits of this Court.

49.     Defendant PHH's acts, conduct or omissions as described herein constitute violations of the following provisions of the TDCA: § 392.301(a)(8)-*misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer's debt status in a judicial or governmental proceeding*; and § 392.301(a)(14)-*representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business;* and § 392.304(a)(19) – *using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer,* all of which violations are a producing cause of the actual damages sustained and incurred by Plaintiffs in excess of the minimum jurisdictional limits of this Court. (emphasis added).

50.     As each of the acts, conduct and/or omissions of Defendant PHH that constitute violations of TDCA and were committed intentionally, knowingly and/or with malice, or a conscious indifference as to the rights of Plaintiffs, Plaintiffs are entitled to and hereby seek an award of exemplary damages in excess of the minimum jurisdictional limits of this Court.

## IX.

### ATTORNEY'S FEES

51.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) RESPA, 12 U.S.C. §2605(f), (b) the Texas Debt Collection Act, TEX. FIN. CODE § 392.001 et seq.; and (c) common law.

## X.

### JURY DEMAND

52.     Plaintiffs hereby requests that all issues of fact be tried before a jury.

## XI.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, JAMIE T. JACKSON and MARY M. JACKSON, respectfully pray that all of the Defendants be cited to appear and answer herein, and that Plaintiffs be granted immediate relief in the form of a temporary restraining order and temporary injunction preventing the Defendants, and/or any of its/their respective agents, employees, attorneys, trustees, substitute trustees, successors and/or assigns from foreclosing upon Plaintiffs' homestead property described herein until the merits of their various claims and causes of action pleaded herein may be fairly adjudicated; and that upon the final trial

of this cause, judgment be entered in favor of Plaintiffs, and against Defendants PHH, U.S. Bank and/or Power Default, jointly and/or severally, for breach of contract and failure of condition precedent, and that judgment be entered in favor of Plaintiffs and against Defendant PHH for violations of RESPA and Regulation X, and for violations of the Texas Debt Collection Act; and for an award of all economic and actual damages requested herein in an amount in excess of the minimum jurisdictional limits of the Court, including exemplary damages as prayed for herein, together with pre-judgment and post-judgment interest at the maximum rate allowed by law, and for an award of all attorney's fees and costs of court incurred, and for such other and further relief, whether at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**J. GANNON HELSTOWSKI LAW FIRM**

*/s/ John G. Helstowski*
John G. Helstowski
Texas State Bar No. 24078653
13601 Preston Road, Suite E920
Dallas, Texas 75240
Telephone: (817) 382-3125
Facsimile: (817) 382-1799
Email: jgh@jghfirm.com
Attorney for Plaintiffs Jamie T. Jackson and
Mary M. Jackson

**VERIFICATION**

STATE OF TEXAS

COUNTY OF HARRIS

BEFORE ME, the undersigned notary public, on this day personally appeared, Jaime Jackson who after being duly sworn upon his oath testifies as follows:

"My name is Jaime Jackson. I am the Plaintiff named in the attached and foregoing Plaintiff's Original Verified Petition and Application for Temporary Restraining Order and Preliminary Injunction. I am over the age of 21 years old, and have never been convicted of a felony. I have personal knowledge of all of the facts set forth in the Petition and hereby state that every factual statement set forth therein is true and correct."

FURTHER AFFIANT SAYETH NOT.

EXECUTED this 28th day of May, 2020.

_(signature)_
Jaime Jackson

SUBSCRIBED AND SWORN BEFORE ME on this 28th day of May, 2020, by Jaime Jackson, to certify which witness my hand and official seal.

_(signature)_
Notary Public in and for the State of Texas

_(signature)_
Printed Name of Notary Public

My Commission Expires on _____

PLAINTIFF'S VERIFIED PETITION, ETC. — Jaime Jackson      Page

# EXHIBIT "A"

JF-33
MILLENNIUM TITLE HOUSTON
04180920 JACKSON

FILED

06 AUG 15 PM 12: 27

*Beverly B. Kaufman*

COUNTY CLERK
HARRIS COUNTY. TEXAS

Z531560
08/15/06  300908263          $24.00

**AFTER RECORDING MAIL TO:**
JAMIE JACKSON
21807 BLOSSOM GROVE LN
SPRING, TX 77379

Prepared By:
Robertson & Anschutz, P.C.
10333 Richmond Avenue, Suite 550
Houston, TX 77042

## GENERAL WARRANTY DEED

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

STATE OF TEXAS

§
§      ss.:      KNOW ALL MEN BY THESE PRESENTS:
§

COUNTY OF HARRIS

THAT **MHI PARTNERSHIP LTD**, a Texas Limited Partnership, hereinafter called "Grantor", for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration to Grantor in hand paid by **JAMIE JACKSON**, hereinafter called "Grantee", whose mailing address is **21807 BLOSSOM GROVE LN, SPRING, TX 77379**, the receipt and sufficiency of which is hereby acknowledged, and the further consideration of the execution and delivery by said Grantee of one certain Promissory Note ("Note I") in the principal sum of **One Hundred Thirty-Four Thousand Five Hundred Sixty-Nine Dollars ($134,569.00)**, of even date herewith, payable to the order of **Option One Mortgage Corporation**, hereinafter called "First Mortgagee", bearing interest at the rate therein provided; said Note containing attorney's fee clause and various acceleration of maturity clauses in case of default, and being secured by Vendor's Lien and Superior Title retained herein in favor of said First Mortgagee, and also being secured by Deed of Trust of even date herewith from Grantee to Thomas F. Vetters, Trustee, and the further consideration of the execution and delivery by said Grantee of one certain other Promissory Note ("Note II") in the principal sum of **Thirty-Three Thousand Six Hundred Forty-Three Dollars ($33,643.00)** of even date herewith, payable to the order of **OPTION ONE MORTGAGE CORPORATION**, hereinafter called "Subordinate Mortgagee", bearing interest at the rate therein provided; said Note II containing attorney's fee clause and various acceleration of maturity clauses in case of default, and being secured by Vendor's Lien and Superior Title retained herein in favor of said Subordinate Mortgagee, and also being secured by Deed of Trust of even date herewith from Grantee to **THOMAS F. VETTERS**, Trustee, Grantor has GRANTED, SOLD and CONVEYED, and by these presents does GRANT, SELL and CONVEY, unto said Grantee, the following described property located in HARRIS County, Texas, to-wit:

**LOT NINE (9), IN BLOCK THREE (3), OF SPRING TERRACE, SEC. 2, AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 570228 OF THE MAP RECORDS OF HARRIS COUNTY,TEXAS**

Together with Grantor's right, title and interest in all system memberships and/or ownership certificates in any non-municipal water and/or sewer systems serving said property.

First Mortgagee and Subordinate Mortgagee have, at the special instance and request of Grantee, paid to Grantor a portion of the purchase price of the property hereinabove described, as evidenced by the above described Notes, and thus a Vendor's Lien and Deed of Trust Lien against said property securing the payment of each Note, are hereby assigned, transferred and delivered to each Mortgagee, to

the extent of their respective advances, Grantor hereby conveying to said Mortgagees the said Superior Title to said property, subrogating said Mortgagees to all the rights and remedies of Grantor in the premises by virtue of said liens.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereunto in anywise belonging to said Grantee, Grantee's heirs and assigns, forever, AND Grantor does hereby bind Grantor, Grantor's successors and assigns, to WARRANT and FOREVER DEFEND all and singular the said premises unto said Grantee, Grantee's heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

This conveyance is made subject to all and singular the restrictions, easements, exceptions, conditions and covenants, if any, applicable to and enforceable against the above-described property as shown by the records of said County, as well as ad valorem taxes for current and subsequent years.

But it is expressly agreed that the Vendor's Lien and Superior Title is retained in favor of the Payees of said Notes against the above-described property, premises and improvements, until said Notes and all interest thereon shall have been fully paid according to the terms thereof, when this Deed shall become absolute.

When this Deed is executed by more than one person, or when the Grantee is more than one person, the instrument shall read as though pertinent verbs, nouns and pronouns were changed correspondingly, and when executed by or to a corporation, the words "heirs, executors and administrators" or "heirs and assigns" shall be construed to mean "successors and assigns".

EXECUTED this _____ day of _____ 2006

Seller: MHI PARTNERSHIP LTD

By: _____

Name:

Title:   JAMES R. BAKER
         CLOSING AGENT

Date:    07/26/2006

## ACKNOWLEDGEMENT

STATE OF TEXAS, __HARRIS__ County ss:

This instrument was acknowledged before me on this __30th__ day of __July__ __2006__ by __JAMES R. BAKER__ _____, general partner(s), on behalf of **MHI PARTNERSHIP LTD.** **CLOSING AGENT**

> N. CUNNINGHAM
> Notary Public, State of Texas
> My Commission Expires
> January 10, 2010

_____ Notary Public
Printed Name of Notary Public

UNOFFICIAL COPY

(R&A) RA0124579 - wdpartner.tx - Rev. 06/26/2006          Page 3

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF the DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas on

## AUG 15 2006



COUNTY CLERK
HARRIS COUNTY, TEXAS

EXHIBIT "B"

JF-33
MILLENNIUM TITLE HOUSTON JACKSON
04180430 JACKSON

FILED
06 AUG 15 PH 12: 27

WHEN RECORDED MAIL TO:

OPTION ONE MORTGAGE CORPORATION
P.O. BOX 57096
IRVINE, CA 92619-7096
ATTN: RECORDS MANAGEMENT

COUNTY CLERK
HARRIS COUNTY, TEXAS

08/15/06  20070826461      $68.00

Loan Number: 351037835
Servicing Number: 002199624-4

[Space Above This Line For Recording Data]

RP 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

# DEED OF TRUST

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

THIS DEED OF TRUST ("Security Instrument") is made on          July 26, 2006          .
The grantor is
JAMIE JACKSON AND WIFE, MARY JACKSON

("Borrower"). The trustee is          Thomas F. Vetters
   10333 Richmond Ave., Ste. 550, Houston, Texas 77042          , whose address is
("Trustee").
The beneficiary is   Option One Mortgage Corporation, a California
                     Corporation
which is organized and existing under the laws of          CALIFORNIA          , and whose address is
                     3 Ada, Irvine, CA 92618          ("Lender").
Borrower owes Lender the principal sum of
ONE HUNDRED THIRTY FOUR THOUSAND FIVE HUNDRED SIXTY NINE
        AND NO/100THS    Dollars (U.S. $134,569.00          ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on   August 01, 2036          .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and
all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced
under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's
covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably
grants and conveys to Trustee, in trust, with power of sale, the following described property located in
                                                   Harris
                                                                           County, Texas:

126-134-003-0009-001

Lot Nine (9), in Block Three (3), of SPRING TERRACE, SEC. 2, an addition in
Harris County, Texas according to the map or plat thereof recorded under Film
Code No. 570228 of the Map Records of Harris County, Texas

which has the address of     21807    BLOSSOM GROVE LN, SPRING

                                                                           [Street, City],

Texas       77379-5111          ("Property Address");
            [Zip Code]

TEXAS-Single Family
Page 1 of 8                                                     TXD10011.wp (06-16-05)

Loan Number: 351037835          Servicing Number: 002199624-4          Date:07/26/06

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 *et seq.* ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument.

Loan Number: 351037835          Servicing Number: 002199624-4          Date: 07/26/06

If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

    5. Hazard or Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

    All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

    Unless Lender and Borrower otherwise agree in writing, or applicable Law otherwise requires, insurance proceeds shall be applied first to reimburse Lender for costs and expenses incurred in connection with obtaining any such insurance proceeds, and then, at Lender's option, in such order and proportion as Lender may determine in its sole and absolute discretion, and regardless of any impairment of security or lack thereof: (i) to the sums secured by this Security Instrument, whether or not then due, and to such components thereof as Lender may determine in its sole and absolute discretion; and/or (ii) to Borrower to pay the costs and expenses of necessary repairs or restoration of the Property to a condition satisfactory to Lender. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, Lender may collect the insurance proceeds. Lender may, in its sole and absolute discretion, and regardless of any impairment of security or lack thereof, use the proceeds to repair or restore the Property or to pay the sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

    Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

    If Borrower obtains earthquake insurance, any other hazard insurance, or any other insurance on the Property and such insurance is not specifically required by Lender, then such insurance shall (i) name Lender as loss payee thereunder, and (ii) be subject to the provisions of this paragraph 5.

    6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. Borrower warrants and represents that he/she shall either (1) occupy and establish and use the property as the Borrower's principal residence or (2) shall be the only occupant of the property. In the event the Borrower ceases to either maintain the property as the primary residence or the Borrower ceases to occupy the residence (irrespective of whether the property is maintained as the primary residence) Borrower shall be subject to all of the remedies set forth in the Occupancy Rider attached hereto. The remedies for the Occupancy Rider shall be in addition to the remedies set forth herein.

    Borrower shall not destroy, damage or impair the Property, allow the property to deteriorate, or commit waste on the property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

    Borrower shall, at Borrower's own expense, appear in and defend any action or proceeding purporting to affect the Property or any portion thereof or Borrower's title thereto, the validity or priority of the lien created by this Security Instrument, or the rights or powers of Lender or Trustee with respect to this Security Instrument or the Property. All causes of action of Borrower, whether accrued before or after the date of this Security Instrument, for damage or injury to the Property or any part thereof, or in connection with any transaction financed in whole or in part by the proceeds of the Note or any other note secured by this Security Instrument, by Lender, or in connection with or affecting the Property or any part thereof, including causes

Page 3 of 8                                          TXD10013.wp (06-16-05)

Loan Number: 351037835          Servicing Number: 002199624-4          Date:07/26/06

of action arising in tort or contract and causes of action for fraud or concealment of a material fact, are, at Lender's option, assigned to Lender, and the proceeds thereof shall be paid directly to Lender who, after deducting therefrom all its expenses, including reasonable attorneys' fees, may apply such proceeds to the sums secured by this Security Instrument or to any deficiency under this Security Instrument or may release any monies so received by it or any part thereof, as Lender may elect. Lender may, at its option, appear in and prosecute in its own name any action or proceeding to enforce any such cause of action and may make any compromise or settlement thereof. Borrower agrees to execute such further assignments and any other instruments as from time to time may be necessary to effectuate the foregoing provisions and as Lender shall request.

   **7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

   Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate in effect from time to time and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

   **8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

   **9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

   **10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Lender may apply, use or release the condemnation proceeds in the same manner as provided in paragraph 5 hereof with respect to insurance proceeds.

   If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument whether or not then due.

   Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

   **11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

   **12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing

Loan Number: 351037835          Servicing Number: 002199624-4          Date: 07/26/06

this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law. The holder of the Note and this Security Instrument shall be deemed to be the Lender hereunder.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Loan Number: 351037835          Servicing Number: 002199624-4          Date: 07/26/06

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

Borrower shall be solely responsible for, shall indemnify, defend and hold harmless Lender, its directors, officers, employees, attorneys, agents, and their respective successors and assigns, from and against any and all claims, demands, causes of action, loss, damage, cost (including actual attorneys' fees and court costs and costs of any required or necessary repair, cleanup or detoxification of the Property and the preparation and implementation of any closure, abatement, containment, remedial or other required plan), expenses and liability directly or indirectly arising out of or attributable to (a) the use, generation, storage, release, threatened release, discharge, disposal, abatement or presence of Hazardous Substances on, under or about the Property, (b) the transport to or from the Property of any Hazardous Substances, (c) the violation of any Hazardous Substances law, and (d) any Hazardous Substances claims.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

ADDITIONAL COVENANTS. Borrower and Lender further covenant and agree as follows:

21. Acceleration; Remedies. If any installments under the Note or notes secured hereby is not paid when due, or if Borrower should be in default under any provision of this Security Instrument, or if Borrower is in default under any other deed of trust or other instrument secured by the Property, all sums secured by this Security Instrument and accrued interest thereon shall at once become due and payable at the option of Lender without prior notice, except as otherwise required by applicable law, and regardless of any prior forbearance. In such event, Lender, at its option, and subject to applicable law, may then or thereafter invoke the power of sale and/or any other remedies or take any other actions permitted by applicable law. Lender will collect all expenses incurred in pursuing the remedies described in this Paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and recording the notice at least 21 days prior to sale as provided by applicable law. Lender shall mail a copy of the notice of sale to Borrower in the manner prescribed by applicable law. Sale shall be made at public venue between the hours of 10 a.m. and 4 p.m. on the first Tuesday of the month. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying indefeasible title to the Property with covenants of general warranty. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorney's fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this paragraph 21, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

22. Release. Upon payment of all sums secured by this Security Instrument, Lender shall release this property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for releasing the Property for services rendered if the charging of the fee is permitted under applicable law.

23. Substitute Trustee. Lender, at its option and with or without cause, may from time to time remove Trustee and appoint, by power of attorney or otherwise, a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

24. Subrogation. Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property. Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

Page 6 of 8                                                        TXD10016.wp (06-16-05)

Loan Number: 351037835        Servicing Number: 002199624-4        Date: 07/26/06

**25. Partial Invalidity.** In the event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.

**26. Waiver of Notice of Intention to Accelerate.** Borrower waives the right to notice of intention to require immediate payment in full of all sums secured by this Security Instrument except as provided in paragraph 21.

**27. Misrepresentation and Nondisclosure.** Borrower has made certain written representations and disclosures in order to induce Lender to make the loan evidenced by the Note or notes which this Security Instrument secures, and in the event that Borrower has made any material misrepresentation or failed to disclose any material fact, Lender, at its option and without prior notice or demand, shall have the right to declare the indebtedness secured by this Security Instrument, irrespective of the maturity date specified in the Note or notes secured by this Security Instrument, immediately due and payable. To the extent permitted by applicable law, Trustee, upon presentation to it of an affidavit signed by Lender setting forth facts showing a default by Borrower under this paragraph, is authorized to accept as true and conclusive all facts and statements therein, and to act thereon hereunder.

**28. Time is of the Essence.** Time is of the essence in the performance of each provision of this Security Instrument.

**29. Waiver of Statute of Limitations.** The pleading of the statute of limitations as a defense to enforcement of this Security Instrument, or any and all obligations referred to herein or secured hereby, is hereby waived to the fullest extent permitted by applicable law.

**30. Modification.** This Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender.

**31. Reimbursement.** To the extent permitted by applicable law, Borrower shall reimburse Trustee and Lender for any and all costs, fees and expenses which either may incur, expend or sustain in the execution of the trust created hereunder or in the performance of any act required or permitted hereunder or by law or in equity or otherwise arising out of or in connection with this Security Instrument, the Note, any other note secured by this Security Instrument or any other instrument executed by Borrower in connection with the Note or Security Instrument. To the extent permitted by applicable law, Borrower shall pay to Trustee and Lender their fees in connection with Trustee and Lender including, but not limited to assumption application fees; fees for payoff demands and, statements of loan balance; fees for making, transmitting and transporting copies of loan documents, verifications, full or partial lien releases and other documents requested by borrower or necessary for performance of Lender's rights or duties under this Security Instrument; fees arising from a returned or dishonored check; fees to determine whether the Property is occupied, protected, maintained or insured or related purposes; appraisal fees, inspection fees, legal fees, broker fees, insurance, mid-term substitutions, repair expenses, foreclosure fees and costs arising from foreclosure of the Property and protection of the security for this Security Instrument; and all other fees and costs of a similar nature not otherwise prohibited by law.

**32. Clerical Error.** In the event Lender at any time discovers that the Note, any other note secured by this Security Instrument, the Security Instrument, or any other document or instrument executed in connection with the Security Instrument, Note or notes contains an error that was caused by a clerical mistake, calculation error, computer malfunction, printing error or similar error, Borrower agrees, upon notice from Lender, to re-execute any documents that are necessary to correct any such error(s). Borrower further agrees that Lender will not be liable to Borrower for any damages incurred by Borrower that are directly or indirectly caused by any such error.

**33. Lost Stolen, Destroyed or Mutilated Security Instrument and Other Documents.** In the event of the loss, theft or destruction of the Note, any other note secured by this Security Instrument, the Security Instrument or any other documents or instruments executed in connection with the Security Instrument, Note or notes (collectively, the "Loan Documents"), upon Borrower's receipt of an indemnification executed in favor of Borrower by Lender, or, in the event of the mutilation of any of the Loan Documents, upon Lender's surrender to Borrower of the mutilated Loan Document, Borrower shall execute and deliver to Lender a Loan Document in form and content identical to, and to serve as a replacement of, the lost, stolen, destroyed, or mutilated Loan document, and such replacement shall have the same force and effect as the lost, stolen, destroyed, or mutilated Loan Documents, and may be treated for all purposes as the original copy of such Loan Document.

**34. Assignment of Rents.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property. Borrower shall have the right to collect and retain the rents of the Property as they become due and payable provided Lender has not exercised its rights to require immediate payment in full of the sums secured by this Security Instrument and Borrower has not abandoned the Property.

Page 7 of 8                                                                 TXD10017.wp (06-16-05)

Loan Number:  351037835          Servicing Number: 002199624-4          Date: 07/26/06

**35. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)]

[X] Adjustable Rate Rider      [ ] Condominium Rider              [ ] 1-4 Family Rider
[X] Balloon Rider              [X] Planned Unit Development Rider  [ ] Occupancy Rider
[ ]                            [ ]                                [ ]

**36. Purchase Money; Vendor's Lien; Renewal and Extension.** [Complete as appropriate]
Vendor's Lien:  The Note secured hereby is primarily secured by the Vendor's Lien retained in the Deed of even date herewith conveying the Property to Borrower, which Vendor's Lien has been assigned to Lender, this Deed of Trust being additional security therefor.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_Jamie Jackson_ _____ (Seal)      _____ (Seal)   /OR
JAMIE   JACKSON                  -Borrower                           -Borrower

_____ (Seal)      _____ (Seal)
                         -Borrower                           -Borrower

_Mary Jackson_ _____ (Seal)      _____ (Seal)   /OR
MARY    JACKSON                  -Borrower                           -Borrower

**STATE OF TEXAS,**                    County ss: Harris

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared Jamie Jackson and Mary Jackson

_____ , known to me to be the person(s) whose name(s)                                subscribed to the foregoing instrument, and acknowledged to me that          he        executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this  26    day of July 2006 .

MYHANH TRAN
Notary Public, State of Texas
My Commission Expires 09-19-2006

_Myhanh Tran_ _____
Notary Public

Page 8 of 8                                              TXD10018.wp (06-16-05)

RP. 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

Loan Number: 351037835     Servicing Number:     002199624-4     Date:    07/26/06

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made       July 26, 2006          , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to

        Option One Mortgage Corporation, a California Corporation

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

        21807   BLOSSOM GROVE LN,  SPRING, TX 77379-5111

                    [Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in
        COVENANTS, CONDITIONS AND RESTRICTIONS
(the "Declaration"). The Property is a part of a planned unit development known as

            [Name of Planned Unit Development]

(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

PUD COVENANTS.  In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. PUD Obligations. Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents.  The "Constituent Documents" are the:  (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association.  Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

B. Hazard Insurance. So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," then:
        (i)  Lender waives the provision in Covenant 2 for the monthly payment to Lender of the yearly premium installments for hazard insurance on the Property; and
        (ii)  Borrower's obligation under Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy. Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage provided by the master or blanket policy.
        In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, with any excess paid to Borrower.

C. Public Liability Insurance.  Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

MULTISTATE PUD RIDER--Single Family--FNMA/FHLMC UNIFORM INSTRUMENT--Form 3150 09/90
Page 1 of 2                                                        USRI0111.wp (11-19-04)

UNOFFICIAL COPY

RP 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

Loan Number: 351037835      Servicing Number: 002199624-4      Date: 07/26/06

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 10.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to:

(i)  the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain;

(ii)  any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender;

(iii) termination of professional management and assumption of self-management of the Owners Association; or

(iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender, if allowed by applicable law, may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this PUD Rider.

_____ (Seal)         _____ (Seal)
JAMIE   JACKSON                -Borrower                                      -Borrower

_____ (Seal)         _____ (Seal)
                               -Borrower      MARY   JACKSON                  -Borrower

_____ (Seal)         _____ (Seal)
                               -Borrower                                      -Borrower

**MULTISTATE PUD RIDER – Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
Page 2 of 2                                                                   USRI0112.wp (11-19-04)

Loan Number:  351037835      Servicing Number:  002199624-4      Date:  07/26/06

# ADJUSTABLE RATE RIDER
## (LIBOR Index - Rate Caps)

THIS ADJUSTABLE RATE RIDER is made  July 26, 2006                              ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Adjustable Rate Note (the "Note") to
        Option One Mortgage Corporation, a California Corporation
(the "Lender") of the same date and covering the property described in the Security Instrument and located
at:

        21807   BLOSSOM GROVE LN,   SPRING, TX 77379-5111

                                [Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST
RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE
BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE
MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

The Note provides for an initial interest rate of                  9.500%                  . The
Note provides for changes in the interest rate and the monthly payments, as follows:

## 4.      INTEREST RATE AND MONTHLY PAYMENT CHANGES
### (A) Change Dates
The interest rate I will pay may change on the first day of   August 01      2009          ,
and on that day every sixth month thereafter. Each date on which my interest rate could change is called a
"Change Date."
### (B) The Index
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the
average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market
("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first
business day of the month immediately preceding the month in which the Change Date occurs is called the
"Current Index."
If the Index is no longer available, the Note Holder will choose a new index that is based upon
comparable information. The Note Holder will give me notice of this choice.
### (C) Calculation of Changes
Before each Change Date, the Note Holder will calculate my new interest rate by adding
   FIVE AND 85/100                              percentage point(s) ( 5.850%   )
to the Current Index. The Note Holder will then round the result of this addition to the next higher one-eighth
of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will

MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX - Single Family
Page 1 of 3                                                    USRI0021 (02-23-99)

Loan Number: 351037835     Servicing Number: 002199624-4     Date: 07/26/06

be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 12.500% or less than 9.500% . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.0%) from the rate of interest I have been paying for the preceding six months. In no event will my interest rate be greater than 15.500% or less than 9.500% .

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Covenant 17 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX-Single Family**
Page 2 of 3                                                    USRI0022 (02-23-99)

Loan Number:  351037835      Servicing Number:  002199624-4      Date:  07/26/06

     BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)          _____ (Seal)
JAMIE  JACKSON

_____ (Seal)          _____ (Seal)

_____ (Seal)          _____ (Seal)
MARY  JACKSON



**MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX-Single Family**
Page 3 of 3                                                                 USRI0023 (02-23-99)

Loan Number:  351037835          Servicing Number:  002199624-4          Date:  07/26/06

# BALLOON RIDER

This is a BALLOON LOAN. The term of the loan is 40/30 years. This means that while your monthly payment amount is amortized in accordance with a 40 year loan term, the loan is payable in full in THIRTY (30) years from the date the loan is made. As a result, you will be required to repay the entire remaining principal balance, together with accrued interest, late charges, if any, and all advancements made by the lender under the terms of this loan in THIRTY (30) years from the date on which the loan is made.

The lender has no obligation to refinance this loan at the end of its term. Therefore, you may be required to repay the loan out of other assets you may own, or you may have to find another lender willing to refinance the loan.

Assuming this lender or another lender refinances this loan at maturity, you will probably be charged interest at market rates prevailing at that time which may be considerably higher or lower than the interest rate paid on this loan. You may also have to pay some or all of the closing costs normally associated with the new mortgage loan even if you obtain refinancing from the same lender.

UNOFFICIAL COPY

_____ -Borrower
JAMIE  JACKSON

_____ -Borrower

_____ -Borrower

_____ -Borrower
MARY  JACKSON

_____ -Borrower

_____ -Borrower

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blackouts additions, and changes were present at the time the instrument was filed and recorded.

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas on

**AUG 1 5 2006**



COUNTY CLERK
HARRIS COUNTY, TEXAS

MULTISTATE BALLOON RIDER
Page 1 of 1

USR1091.wp (05-19-05)

EXHIBIT "C"

**DUPFILER, CLOSED**

# U.S. Bankruptcy Court
## Southern District of Texas (Houston)
## Bankruptcy Petition #: 13-31964

|  |  |
|---|---|
| | *Date filed:* 04/01/2013 |
| *Assigned to:* Marvin Isgur | *Date reopened:* 10/31/2013 |
| Chapter 7 | *Date terminated:* 10/31/2013 |
| Voluntary | *Debtor discharged:* 10/31/2013 |
| No asset | *341 meeting:* 05/20/2013 |
| | *Deadline for objecting to discharge:* 07/05/2013 |
| | *Deadline for financial mgmt. course:* 07/05/2013 |

*Debtor disposition:*  Standard Discharge

*Debtor*                                              represented by **Matthew M Cabrera**
**Jamie T Jackson,** *Debtor*                          M. Cabrera & Associates, PC
21807 Blossom Grove Lane                               55 Old Nyack Turnpike
Sprint, TX 77379                                       Suite 308
HARRIS-TX                                              Nanuet, NY 10954
SSN / ITIN: xxx-xx-████                                845-531-5474
                                                       Fax : 8455315476
                                                       Email: mcabecf@mcablaw.com

*Trustee*
**Randy W Williams**
Byman & Associates PLLC
7924 Broadway
Suite 104
Pearland, TX 77581
281-884-9262

*U.S. Trustee*
**US Trustee**
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002
713-718-4650

| Filing Date | # | Docket Text |
|---|---|---|
| 04/01/2013 | 1<br>(5 pgs; 2 docs) | Chapter 7 Voluntary Petition. Fee Amount $306. Filed by Jamie T Jackson. (Attachments: # 1 Exhibit) (Cabrera, Matthew) (Entered: 04/01/2013) |
| 04/01/2013 | | Receipt of Voluntary Petition (Chapter 7)(13-31964) [misc,volp7a] ( 306.00) Filing Fee. Receipt number 14385760. Fee amount $ 306.00. (U.S. Treasury) (Entered: 04/01/2013) |
| 04/01/2013 | 2 | Certificate of Credit Counseling (Filed By Jamie T Jackson ). |

| | (1 pg) | (Cabrera, Matthew) (Entered: 04/01/2013) |
|---|---|---|
| 04/01/2013 | 3 (2 pgs) | Exhibit D to Petition (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 04/01/2013) |
| 04/01/2013 | 4 (2 pgs) | Disclosure of Compensation of Attorney for Debtor (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 04/01/2013) |
| 04/08/2013 | 5 (3 pgs) | Order: Possible Future Dismissal of Case. Court advises that 11 U.S.C. Section 521(i) requires automatic dismissal if information required by Section 521(a)(1) is not filed. Signed on 4/8/2013 (sbyradi) (Entered: 04/08/2013) |
| 04/08/2013 | 6 (2 pgs) | Initial Order for Prosecution Signed on 4/8/2013 (sbyradi) (Entered: 04/08/2013) |
| 04/08/2013 | 7 (2 pgs) | Meeting of Creditors, Proof of Claim deadline not set, 341(a) meeting to be held on 5/6/2013 at 10:00 AM at Houston, 515 Rusk Suite 3401. Financial Management Course due:7/5/2013. Last day to oppose discharge or dischargeability is 7/5/2013. Clerk to send Notice on Financial Management Requirement 6/20/2013. (sbyradi) (Entered: 04/08/2013) |
| 04/09/2013 | | Previous case filed in the Eastern District of Texas, Case Number 02-32512. (klinds) (Entered: 04/09/2013) |
| 04/10/2013 | 8 (4 pgs) | BNC Certificate of Mailing - Meeting of Creditors. (Related document(s):7 Meeting of Creditors Chapter 7 No Asset) No. of Notices: 8. Notice Date 04/10/2013. (Admin.) (Entered: 04/11/2013) |
| 04/10/2013 | 9 (4 pgs) | BNC Certificate of Mailing. (Related document(s):6 Initial Order for Prosecution) No. of Notices: 1. Notice Date 04/10/2013. (Admin.) (Entered: 04/11/2013) |
| 04/10/2013 | 10 (5 pgs) | BNC Certificate of Mailing. (Related document(s):5 Order: Possible Future Dismissal of Case) No. of Notices: 1. Notice Date 04/10/2013. (Admin.) (Entered: 04/11/2013) |
| 04/16/2013 | 11 (2 pgs) | Notice of Appearance and Request for Notice Filed by Michael W Zientz Filed by on behalf of Ocwen Loan Servicing (Zientz, Michael) (Entered: 04/16/2013) |
| 04/16/2013 | 12 (1 pg) | Summary of Schedules (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 04/16/2013) |
| 04/16/2013 | 13 (1 pg) | Statistical Summary of Certain Liabilities (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 04/16/2013) |
| 04/16/2013 | 14 (9 pgs) | Chapter 7 Statement of Current Monthly Income and Means Test Calculation - Form 22A . (Filed By Jamie T Jackson ). |

BK CM/ECF LIVE - US Bankruptcy Court-Texas Southern

| | | (Cabrera, Matthew) (Entered: 04/16/2013) |
|---|---|---|
| 04/16/2013 | <u>15</u><br>(1 pg) | Schedule A (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 04/16/2013) |
| 04/16/2013 | <u>16</u><br>(3 pgs) | Schedule B (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 04/16/2013) |
| 04/16/2013 | <u>17</u><br>(1 pg) | Schedule C (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 04/16/2013) |
| 04/16/2013 | <u>18</u><br>(1 pg) | Schedule D (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 04/16/2013) |
| 04/16/2013 | <u>19</u><br>(1 pg) | Schedule E (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 04/16/2013) |
| 04/16/2013 | <u>20</u><br>(2 pgs) | Schedule F (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 04/16/2013) |
| 04/16/2013 | <u>21</u><br>(1 pg) | Schedule G (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 04/16/2013) |
| 04/16/2013 | <u>22</u><br>(1 pg) | Schedule H (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 04/16/2013) |
| 04/16/2013 | <u>23</u><br>(1 pg) | Schedule I (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 04/16/2013) |
| 04/16/2013 | <u>24</u><br>(1 pg) | Schedule J (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 04/16/2013) |
| 04/16/2013 | <u>25</u><br>(1 pg) | Declaration re: *Of Schedules* (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 04/16/2013) |
| 04/16/2013 | <u>26</u><br>(12 pgs; 2 docs) | Statement of Financial Affairs (Filed By Jamie T Jackson ). (Attachments: # <u>1</u> Supplement) (Cabrera, Matthew) (Entered: 04/16/2013) |
| 05/08/2013 | | Notice of Continuance of Meeting of Creditors. Meeting of Creditors Held. 341(a) meeting to be held on 5/20/2013 at 09:00 AM at Houston, 515 Rusk Suite 3401. (Williams, Randy) (Entered: 05/08/2013) |
| 05/17/2013 | <u>27</u><br>(1 pg) | Summary of Schedules (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 05/17/2013) |
| 05/17/2013 | <u>28</u><br>(3 pgs) | Amended Schedule B (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 05/17/2013) |

| 05/17/2013 | 29<br>(1 pg) | Amended Schedule C (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 05/17/2013) |
|---|---|---|
| 05/17/2013 | 30<br>(2 pgs) | Statement *Verification of Amendments* (Filed By Jamie T Jackson ). (Cabrera, Matthew) (Entered: 05/17/2013) |
| 05/23/2013 | | Meeting of Creditors Held. Debtor appeared, No Assets. Hearing concluded (Related document(s): Notice of Continuance of Meeting of Creditors) (Williams, Randy) (Entered: 05/23/2013) |
| 05/23/2013 | | Chapter 7 Trustee's Report of No Distribution: I, Randy W Williams, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 2 months. Assets Abandoned: $ 126385.00, Assets Exempt: $ 19380.54, Claims Scheduled: $ 180512.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment: $ 180512.00. (Related document(s):7 Meeting of Creditors Chapter 7 No Asset) (Williams, Randy) (Entered: 05/23/2013) |
| 06/20/2013 | 31<br>(1 pg) | Notice on Financial Management Course Requirement. (Entered: 06/20/2013) |
| 06/22/2013 | 32<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):31 Notice on Financial Management Course Requirement) No. of Notices: 1. Notice Date 06/22/2013. (Admin.) (Entered: 06/23/2013) |
| 07/09/2013 | 33<br>(1 pg) | Case closed without discharge. Debtor has not filed a Financial Management Course Certificate proving compliance with the required instructional course requirement for discharge. If the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the Financial Management Course Certificate, the debtor(s) must pay the full filing fee due for filing such a motion. (dhan) (Entered: 07/09/2013) |
| 07/11/2013 | 34<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):33 Case Closed Without Discharge) No. of Notices: 8. Notice Date 07/11/2013. (Admin.) (Entered: 07/12/2013) |
| 08/23/2013 | 35 | Financial Management Course Certificate Filed (Filed By |

| | (2 pgs; 2 docs) | Jamie T Jackson ). (Attachments: # 1 Certificate of Financial Management Course) (Cabrera, Matthew) (Entered: 08/23/2013) |
|---|---|---|
| 10/05/2013 | 36 (14 pgs; 5 docs) | Motion to Reopen Chapter 7 Case. Objections/Request for Hearing Due in 21 days. Fee Amount: $ 260. Filed by Debtor Jamie T Jackson Hearing scheduled for 11/21/2013 at 10:00 AM at Houston, Courtroom 404 (MI). (Attachments: # 1 Certification in Support of Motion # 2 Exhibit # 3 Proposed Order # 4 Certification of Service) (Cabrera, Matthew) (Entered: 10/05/2013) |
| 10/05/2013 | | Receipt of Motion to Reopen Chapter 7 Case(13-31964) [motion,mreop7] ( 260.00) Filing Fee. Receipt number 15081090. Fee amount $ 260.00. (U.S. Treasury) (Entered: 10/05/2013) |
| 10/31/2013 | 37 (2 pgs) | Order Granting Motion To Reopen Chapter 7 Case (Related Doc # 36) Signed on 10/31/2013. (adol) (Entered: 10/31/2013) |
| 10/31/2013 | 38 (2 pgs) | Order Discharging Debtor Signed on 10/31/2013 (adol) (Entered: 10/31/2013) |
| 10/31/2013 | 39 (1 pg) | Final Decree Signed on 10/31/2013 (adol) (Entered: 10/31/2013) |
| 11/02/2013 | 40 (3 pgs) | BNC Certificate of Mailing - Order of Discharge. (Related document(s):38 Order Discharging Debtor(s)) No. of Notices: 7. Notice Date 11/02/2013. (Admin.) (Entered: 11/03/2013) |
| 11/02/2013 | 41 (2 pgs) | BNC Certificate of Mailing. (Related document(s):39 Final Decree) No. of Notices: 1. Notice Date 11/02/2013. (Admin.) (Entered: 11/03/2013) |
| 11/02/2013 | 42 (3 pgs) | BNC Certificate of Mailing. (Related document(s):37 Order on Motion to Reopen Chapter 7 Case) No. of Notices: 8. Notice Date 11/02/2013. (Admin.) (Entered: 11/03/2013) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 05/28/2020 20:17:28 | | |
| PACER Login: | Client Code: | |
| Description: | Docket Report | Search Criteria: | 13-31964 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included |

5/28/2020                                    BK CM/ECF LIVE - US Bankruptcy Court-Texas Southern

|  |  |  | Format: html Page counts for documents: included |
|---|---|---|---|
| Billable Pages: | 3 | Cost: | 0.30 |

EXHIBIT "D"

**DoNotDischarge, DUPFILER, DISMISSED, CLOSED**

# U.S. Bankruptcy Court
## Southern District of Texas (Houston)
### Bankruptcy Petition #: 16-33292

|  |  |
|---|---|
| | *Date filed:* 07/01/2016 |
| *Assigned to:* Marvin Isgur | *Date terminated:* 01/30/2019 |
| Chapter 13 | *Debtor dismissed:* 11/09/2017 |
| Voluntary | *Plan confirmed:* 11/22/2016 |
| Asset | *341 meeting:* 08/19/2016 |

*Debtor disposition:*  Dismissed for Other Reason

| | |
|---|---|
| *Debtor* | represented by **J Thomas Black** |
| **Jamie Tyrone Jackson** | Attorney at Law |
| 21807 Blossom Grove Lane | 2600 S. Gessner Rd. |
| Spring, TX 77379 | Ste 110 |
| HARRIS-TX | Houston, TX 77063 |
| SSN / ITIN: xxx-xx-■■■ | 713-772-8037 |
| | Fax : 713-772-5058 |
| | Email: tom@jthomasblack.com |

| | |
|---|---|
| *Trustee* | |
| **William E. Heitkamp** | |
| Office of Chapter 13 Trustee | |
| 9821 Katy Freeway | |
| Ste 590 | |
| Houston, TX 77024 | |
| 713-722-1200 | |
| *TERMINATED: 07/01/2016* | |

| | |
|---|---|
| *Trustee* | represented by **David G Peake** |
| **David G Peake** | Chapter 13 Trustee |
| Chapter 13 Trustee | 9660 Hillcroft |
| 9660 Hillcroft | Suite 430 |
| Suite 430 | Houston, TX 77096-3856 |
| Houston, TX 77096-3856 | 713-283-5400 |
| 713-283-5400 | Fax : 713-852-9084 |
| | Email: court@peakech13trustee.com |

*U.S. Trustee*
**US Trustee**
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002
713-718-4650

| **Filing Date** | **#** | **Docket Text** |
|---|---|---|

| | | |
|---|---|---|
| 07/01/2016 | <u>1</u><br>(23 pgs) | Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Jamie Tyrone Jackson. (Black, J) (Entered: 07/01/2016) |
| 07/01/2016 | | Receipt of Voluntary Petition (Chapter 13)(16-33292) [misc,volp13] ( 310.00) Filing Fee. Receipt number 18056347. Fee amount $ 310.00. (U.S. Treasury) (Entered: 07/01/2016) |
| 07/01/2016 | <u>2</u><br>(11 pgs) | Chapter 13 Plan Filed by Jamie Tyrone Jackson (Black, J) (Entered: 07/01/2016) |
| 07/01/2016 | <u>3</u><br>(1 pg) | Certificate of Credit Counseling (Filed By Jamie Tyrone Jackson ). (Black, J) (Entered: 07/01/2016) |
| 07/01/2016 | <u>4</u><br>(3 pgs) | Fixed Fee Agreement filed by Debtor(s)'s counsel pursuant to General Order 2004-5. Counsel has received $0.00, pre-petition. Counsel's fixed fee is $3825.00. Counsel has advanced $0.00 of the filing fee. For matters for which the first hearing date is set more than 120 days following confirmation, the fixed fee for responses to motions for relief from the stay is $275.00, for responses to chapter 13 trustee dismissal motions is $275.00, and for Debtor(s) motions to modify the plan is $600.00. The rate for hourly services that are not covered by an agreed fixed fee will not exceed $425.00. Petition filed on 07/01/2016. Filed by Debtor Jamie Tyrone Jackson (Black, J) (Entered: 07/01/2016) |
| 07/01/2016 | <u>5</u><br>(1 pg) | Proposed Order for EFT Payments and Debtor Certification (Filed By Jamie Tyrone Jackson ). (Black, J) (Entered: 07/01/2016) |
| 07/01/2016 | | Notice of Appointment of Successor Trustee. Trustee William E Heitkamp removed from the case. Trustee David G Peake added to the case. (rwes) (Entered: 07/01/2016) |
| 07/05/2016 | <u>6</u><br>(1 pg) | Order Granting Chapter 13 Fixed Fee Agreement (Related Doc # <u>4</u>) Signed on 7/5/2016. (mrios) (Entered: 07/05/2016) |
| 07/05/2016 | <u>7</u><br>(3 pgs) | Order: Possible Future Dismissal of Case. Court advises that 11 U.S.C. Section 521(i) requires automatic dismissal if information required by Section 521(a)(1) is not filed. Signed on 7/5/2016 (gkel) (Entered: 07/05/2016) |
| 07/05/2016 | <u>8</u><br>(4 pgs) | Initial Case Management Order, Initial Order on Debtor's Responsibilities, and Order Authorizing Use of Vehicles Pursuant to 363 and Providing Adequate Protection. Signed on 7/5/2016 (gkel) (Entered: 07/05/2016) |
| 07/05/2016 | | Debtor(s) previously discharged on 10/31/2013 in the SDTX, Case Number 13-31964. Discharge may be barred under 11 USC 1328(f). (dhan) (Entered: 07/05/2016) |

| | | |
|---|---|---|
| 07/05/2016 | | Previous case filed in the SDTX, Case Number 14-36662. Previous case filed in the SDTX, Case Number 13-31964. Previous Case filed in the EDTX, Case Number 02-92512. (dhan) (Entered: 07/05/2016) |
| 07/06/2016 | 9 | Declaration for Electronic Filing and Statement of Social Security Number Filed. Does this document change the social security number for one or more debtors? N. Has the Meeting of Creditors been set in this case? N. (blac) (Entered: 07/06/2016) |
| 07/07/2016 | 10 (2 pgs) | BNC Certificate of Mailing. (Related document(s):6 Order on Chapter 13 Fixed Fee Agreement) No. of Notices: 1. Notice Date 07/07/2016. (Admin.) (Entered: 07/08/2016) |
| 07/07/2016 | 11 (5 pgs) | BNC Certificate of Mailing. (Related document(s):8 Initial Order for Chapter 13 Case) No. of Notices: 9. Notice Date 07/07/2016. (Admin.) (Entered: 07/08/2016) |
| 07/07/2016 | 12 (4 pgs) | BNC Certificate of Mailing. (Related document(s):7 Order: Possible Future Dismissal of Case) No. of Notices: 1. Notice Date 07/07/2016. (Admin.) (Entered: 07/08/2016) |
| 07/20/2016 | 13 (2 pgs) | Notice of Appearance and Request for Notice Filed by Michael W Zientz Filed by on behalf of Ocwen Loan Services, LLC (Zientz, Michael) (Entered: 07/20/2016) |
| 07/27/2016 | 14 (2 pgs) | Chapter 13 Meeting of Creditors. 341(a) meeting to be held on 8/19/2016 at 09:30 AM at Houston, 515 Rusk Suite 3401. Financial Management Course due:10/3/2016. Proofs of Claims due by 11/17/2016. Government Proof of Claim due by 1/23/2017. Confirmation Hearing to be held on 9/29/2019 at 09:00 AM at Houston, Courtroom 404 (MI). Clerk to send Notice on Financial Management Requirement 10/3/2016. (Peake, David) (Entered: 07/27/2016) |
| 07/29/2016 | 15 (3 pgs) | BNC Certificate of Mailing - Meeting of Creditors. (Related document(s):14 Chapter 13 Meeting of Creditors (batch)) No. of Notices: 7. Notice Date 07/29/2016. (Admin.) (Entered: 07/30/2016) |
| 08/01/2016 | 16 (3 pgs) | Chapter 13 Trustee's Notice of Confirmation Hearing and Plan Summary. (Peake, David) (Entered: 08/01/2016) |
| 08/03/2016 | 17 (4 pgs) | BNC Certificate of Mailing. (Related document(s):16 Chapter 13 Trustee's Notice of Confirmation Hearing and Plan Summary) No. of Notices: 10. Notice Date 08/03/2016. (Admin.) (Entered: 08/04/2016) |
| 08/05/2016 | 18 (1 pg) | Debtor's Payment Advices or Certification under 11 USC 521 (Filed By Jamie Tyrone Jackson ). (Black, J) (Entered: |

| | | 08/05/2016 |
|---|---|---|
| 08/05/2016 | <u>19</u><br>(62 pgs) | Schedule A/B: Property Individual , Schedule C , Schedule D Individual- Creditors Having Claims Secured by Property , Schedule E/F: Creditors Who Have Unsecured Claims Individual , Schedule G Individual- Executory Contracts and Unexpired Leases , Schedule H Individual- Codebtors , Schedule I: Individual- Your Income , Schedule J Individual- Your Expenses , Summary of Assets and Liabilities Schedules for Individual , Statement of Financial Affairs for Individual , Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 3 Years Form 122C-1. Disposable Income Is Not Determined (Filed By Jamie Tyrone Jackson ). (Black, J) (Entered: 08/05/2016) |
| 08/18/2016 | <u>20</u><br>(1 pg) | Financial Management Course Certificate Filed (Debt Education Certification Foundation) (Entered: 08/18/2016) |
| 08/22/2016 | 21 | Meeting of Creditors Held - Trustee Does Not Recommend Confirmation of the plan. Debtor APPEARED. Meeting CONCLUDED *AUGUST 19, 2016*. (Related document(s):<u>14</u> Chapter 13 Meeting of Creditors (batch)) (Peake, David) (Entered: 08/22/2016) |
| 08/24/2016 | <u>22</u><br>(4 pgs) | Chapter 13 Trustee's Motion to Dismiss Case Filed by Trustee David G Peake Hearing scheduled for 9/29/2016 at 09:00 AM. (Peake, David) (Entered: 08/24/2016) |
| 09/12/2016 | <u>23</u><br>(1 pg) | Chapter 13 Trustee's Notice Rescheduling Confirmation Hearing (Related document(s):<u>14</u> Chapter 13 Meeting of Creditors (batch)) Hearing scheduled for 9/29/2016 at 09:00 AM. (Peake, David) (Entered: 09/12/2016) |
| 09/12/2016 | <u>24</u><br>(1 pg) | Chapter 13 Trustee's Notice Resetting Dismissal Hearing (Related document(s):<u>22</u> Chapter 13 Trustee's Motion to Dismiss Case) Hearing scheduled for 9/29/2016 at 09:00 AM. (Peake, David) (Entered: 09/12/2016) |
| 09/14/2016 | <u>25</u><br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):<u>23</u> Chapter 13 Trustee's Notice Rescheduling Confirmation Hearing) No. of Notices: 10. Notice Date 09/14/2016. (Admin.) (Entered: 09/15/2016) |
| 09/27/2016 | <u>26</u><br>(5 pgs) | Amended Schedule J Individual- Your Expenses (Filed By Jamie Tyrone Jackson ). (Black, J) (Entered: 09/27/2016) |
| 09/29/2016 | <u>27</u><br>(1 pg) | Order/Courtroom Minutes. Court continued hearings on confirmation and on dismissal. Before Judge Marvin Isgur. Related to document 23. Reset to 11/22/2016 at 09:00AM. Alexander Higginbotham for the Debtor. Dinorah Gonzalez for the Trustee David G Peake. The Plan is to be amended prior to the hearing. (mrios) (Entered: 09/29/2016) |

| | | |
|---|---|---|
| 09/29/2016 | | Hearing continued. Before Judge Marvin Isgur. Related to document 24. Reset to 11/22/2016 at 09:00AM. (mrios) (Entered: 09/29/2016) |
| 10/01/2016 | 28 (2 pgs) | BNC Certificate of Mailing. (Related document(s):27 Courtroom Minutes/Order - R14 MI ER) No. of Notices: 10. Notice Date 10/01/2016. (Admin.) (Entered: 10/01/2016) |
| 10/05/2016 | 29 (1 pg) | Order for EFT Payments (Online Banking) and Debtor(s)' Certification Signed on 10/5/2016 (dnor) (Entered: 10/05/2016) |
| 10/07/2016 | 30 (2 pgs) | BNC Certificate of Mailing. (Related document(s):29 Order for EFT or ACH Payments) No. of Notices: 1. Notice Date 10/07/2016. (Admin.) (Entered: 10/08/2016) |
| 10/18/2016 | 31 (11 pgs) | Amended Chapter 13 Plan Filed by Jamie Tyrone Jackson (Related document(s):2 Chapter 13 Plan) (Black, J) (Entered: 10/18/2016) |
| 10/18/2016 | 32 (3 pgs) | Notice *of Debtor's Intention to Strip Lien of Community of Spring Terrace Homeowners Association, Inc.* (Related document(s):31 Amended Chapter 13 Plan) Filed by Jamie Tyrone Jackson (Black, J) (Entered: 10/18/2016) |
| 11/15/2016 | 33 (4 pgs) | Amended Chapter 13 Trustee's Motion to Dismiss Case (related document(s):22 Chapter 13 Trustee's Motion to Dismiss Case) Filed by Trustee David G Peake Hearing scheduled for 11/22/2016 at 09:00 AM. (Peake, David) (Entered: 11/15/2016) |
| 11/21/2016 | 34 (10 pgs) | Amended Chapter 13 Plan, Amended Chapter 13 Plan Summary Filed by Jamie Tyrone Jackson (Related document(s):31 Amended Chapter 13 Plan) (Black, J) (Entered: 11/21/2016) |
| 11/21/2016 | 35 (5 pgs) | Amended Schedule J Individual- Your Expenses (Filed By Jamie Tyrone Jackson ). (Black, J) (Entered: 11/21/2016) |
| 11/21/2016 | 36 (1 pg) | Proposed Order for EFT Payments and Debtor Certification (Filed By Jamie Tyrone Jackson ). (Black, J) (Entered: 11/21/2016) |
| 11/21/2016 | 37 | Chapter 13 Trustee's Amended Recommendation Concerning Confirmation. The Trustee now recommends confirmation of the plan filed on 11/21/2016, document number 34 (Peake, David) (Entered: 11/21/2016) |
| 11/22/2016 | 38 | Trustee's special confirmation order signed by the court. Related to document 27. Alexander Higginbotham for the |

| | | |
|---|---|---|
| | | Debtor. David G Peake Trustee. Dinorah Gonzalez for the Trustee David G Peake. (mrios) (Entered: 11/22/2016) |
| 11/22/2016 | 39 | The Plan is Confirmed, therefore this Motion to Dismiss is terminated as moot. Related to document 33. (mrios) (Entered: 11/22/2016) |
| 11/22/2016 | <u>40</u><br>(1 pg) | Order for EFT Payments Signed on 11/22/2016 (mrios) (Entered: 11/22/2016) |
| 11/22/2016 | <u>41</u><br>(1 pg) | Order Confirming Chapter 13 Plan Signed on 11/22/2016 (Related document(s):<u>34</u> Amended Chapter 13 Plan, Amended Chapter 13 Plan Summary) (mrios) (Entered: 11/22/2016) |
| 11/23/2016 | <u>42</u><br>(22 pgs; 2 docs) | Adversary case 16-03257. Nature of Suit: (14 (Recovery of money/property - other)),(91 (Declaratory judgment)) Complaint by Jamie Tyrone Jackson against Community of Spring Terrace Homeowners Association. Fee Amount $350 (Attachments: # <u>1</u> Cover Sheet to Complaint) (Newton, Charles) (Entered: 11/23/2016) |
| 11/24/2016 | <u>43</u><br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):<u>40</u> Order for EFT or ACH Payments) No. of Notices: 1. Notice Date 11/24/2016. (Admin.) (Entered: 11/25/2016) |
| 11/24/2016 | <u>44</u><br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):<u>41</u> Order Confirming Chapter 13 Plan) No. of Notices: 1. Notice Date 11/24/2016. (Admin.) (Entered: 11/25/2016) |
| 12/21/2016 | | Adversary Case 4:16-ap-3257 Closed. (adol) (Entered: 12/21/2016) |
| 01/09/2017 | <u>45</u><br>(2 pgs) | Chapter 13 Trustee's Motion to Dismiss Case . Hearing scheduled for 2/9/2017 at 09:00 AM. (Peake, David) (Entered: 01/09/2017) |
| 01/10/2017 | <u>46</u><br>(5 pgs; 2 docs) | Notice of Postpetition Mortgage Fees, Expenses and Charges under Rule 3002.1(c) (Claim # 4) (Attachments: # <u>1</u> Exhibit) (Wu, Stephen) (Entered: 01/10/2017) |
| 01/12/2017 | <u>47</u><br>(1 pg) | Opposition Response (related document(s):<u>45</u> Chapter 13 Trustee's Motion to Dismiss Case). Filed by Jamie Tyrone Jackson (Black, J) (Entered: 01/12/2017) |
| 02/08/2017 | <u>48</u><br>(26 pgs; 5 docs) | Motion to Modify Chapter 13 Plan. Filed by Debtor Jamie Tyrone Jackson Hearing scheduled for 3/9/2017 at 09:00 AM. (Attachments: # <u>1</u> Proposed Order # <u>2</u> Exhibit A - Trustee Receipts # <u>3</u> Exhibit B - Amended Schedules I and J # <u>4</u> Complaint Modified Chapter 13 Plan) (Black, J) (Entered: 02/08/2017) |

| | | |
|---|---|---|
| 02/09/2017 | <u>49</u><br>(1 pg) | Order/Courtroom Minutes. Reset dismissal. Before Judge Marvin Isgur. Related to document 45. Reset to 03/09/2017 at 09:00AM. Alexander Higginbotham for the Debtor. Dinorah Gonzalez for the Trustee David G Peake. One full payment must be received by the Trustee. (mrios) (Entered: 02/09/2017) |
| 02/11/2017 | <u>50</u><br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):<u>49</u> Courtroom Minutes/Order - R1 LZP and JB - R6 MI DJ ER) No. of Notices: 1. Notice Date 02/11/2017. (Admin.) (Entered: 02/11/2017) |
| 03/09/2017 | 51 | Miscellaneous action by court. Related to document 48. Alexander Higginbotham for the Debtor. Dinorah Gonzalez for the Trustee David G Peake. Trustee's form of order signed. (mrios) (Entered: 03/09/2017) |
| 03/09/2017 | 52 | The Modification is Approved, therefore this Motion to Dismiss is terminated as moot. Related to document 49. (mrios) (Entered: 03/09/2017) |
| 03/09/2017 | <u>53</u><br>(1 pg) | Order Approving Chapter 13 Plan Modification. Signed on 3/9/2017 (Related document(s):<u>48</u> Motion to Modify Chapter 13 Plan) (mrios) (Entered: 03/09/2017) |
| 03/11/2017 | <u>54</u><br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):<u>53</u> Generic Order) No. of Notices: 1. Notice Date 03/11/2017. (Admin.) (Entered: 03/12/2017) |
| 03/30/2017 | <u>55</u><br>(12 pgs) | Notice of Mortgage Payment Change under Rule 3002.1(b) (Claim # 4) (Cockrell, Lisa) (Entered: 03/30/2017) |
| 03/31/2017 | <u>56</u><br>(1 pg) | Notice *of Fees Due*. (Related document(s):<u>55</u> Notice of Mortgage Payment Change under Rule 3002.1(b)) Filed by Jamie Tyrone Jackson (Black, J) (Entered: 03/31/2017) |
| 04/11/2017 | <u>57</u><br>(12 pgs; 3 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Chrysler Capital (Claim No. 2) To PERITUS PORTFOLIO SERVICES II, LLC Fee Amount $25 Filed by PERITUS PORTFOLIO SERVICES II, LLC (Artiles, Lawrence) (Entered: 04/11/2017) |
| 04/11/2017 | | Receipt of Transfer of Claim(16-33292) [claims,trclm] ( 25.00) Filing Fee. Receipt number 18908645. Fee amount $ 25.00. (U.S. Treasury) (Entered: 04/11/2017) |
| 06/01/2017 | <u>58</u><br>(2 pgs) | Chapter 13 Trustee's Notice of Adjustment to Plan Payment. (Peake, David) (Entered: 06/01/2017) |
| 06/29/2017 | <u>59</u><br>(2 pgs) | Chapter 13 Trustee's Motion to Dismiss Case . Hearing scheduled for 8/3/2017 at 09:00 AM. (Peake, David) (Entered: 06/29/2017) |

| | | |
|---|---|---|
| 07/05/2017 | <u>60</u><br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Walter Edward Spears Filed by on behalf of Community of Spring Terrace Homeowners Association, Inc. (Spears, Walter) (Entered: 07/05/2017) |
| 07/13/2017 | <u>61</u><br>(1 pg) | Opposition Response (related document(s):<u>59</u> Chapter 13 Trustee's Motion to Dismiss Case). Filed by Jamie Tyrone Jackson (Black, J) (Entered: 07/13/2017) |
| 07/13/2017 | <u>62</u><br>(1 pg) | Notice *of Fees Due*. (Related document(s):<u>59</u> Chapter 13 Trustee's Motion to Dismiss Case) Filed by Jamie Tyrone Jackson (Black, J) (Entered: 07/13/2017) |
| 08/03/2017 | <u>63</u><br>(1 pg) | Order/Courtroom Minutes. Reset dismissal. Before Judge Marvin Isgur. Related to document 59. Reset to 09/26/2017 at 09:00AM. Alexander Higginbotham for the Debtor. Dinorah Gonzalez for the Trustee David G Peake. Mary M Jackson (Debtors Spouse) sworn. The Debtor must file a modification within 14 days and scheduled for September 26. The Trustee must receive a payment of $1180.00 within 14 days. (mrios) (Entered: 08/03/2017) |
| 08/05/2017 | <u>64</u><br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):<u>63</u> Courtroom Minutes/Order - R1 LZP and JB - R6 MI DJ ER) No. of Notices: 2. Notice Date 08/05/2017. (Admin.) (Entered: 08/05/2017) |
| 08/15/2017 | <u>65</u><br>(26 pgs; 5 docs) | Motion to Modify Chapter 13 Plan. Filed by Debtor Jamie Tyrone Jackson Hearing scheduled for 9/26/2017 at 09:00 AM. (Attachments: # <u>1</u> Proposed Order # <u>2</u> Exhibit A - Payment History # <u>3</u> Exhibit B - Amended Schedules I and J # <u>4</u> Modified Plan) (Black, J) (Entered: 08/15/2017) |
| 09/26/2017 | <u>66</u><br>(1 pg) | Order/Courtroom Minutes. Reset dismissal. Before Judge Marvin Isgur. Related to document 63. Reset to 10/12/2017 at 09:00AM. (mrios) (Entered: 09/26/2017) |
| 09/26/2017 | <u>67</u><br>(1 pg) | Order/Courtroom Minutes. Reset modification. Before Judge Marvin Isgur. Related to document 65. Reset to 10/12/2017 at 09:00AM. Alexander Higginbotham for the Debtor. David G Peake, Trustee. (mrios) (Entered: 09/26/2017) |
| 09/28/2017 | <u>68</u><br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):<u>66</u> Courtroom Minutes/Order - R1 LZP and JB - R6 MI DJ ER) No. of Notices: 2. Notice Date 09/28/2017. (Admin.) (Entered: 09/29/2017) |
| 09/28/2017 | <u>69</u><br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):<u>67</u> Courtroom Minutes/Order - R3 LZP and JB - R11 MI DJ ER) No. of Notices: 2. Notice Date 09/28/2017. (Admin.) (Entered: 09/29/2017) |

5/28/2020                           BK CM/ECF LIVE - US Bankruptcy Court-Texas Southern

| | | |
|---|---|---|
| 10/12/2017 | <u>70</u><br>(1 pg) | Order/Courtroom Minutes. Reset dismissal. Before Judge Marvin Isgur. Related to document 66. Reset to 11/09/2017 at 09:00AM. (mrios) (Entered: 10/12/2017) |
| 10/12/2017 | <u>71</u><br>(1 pg) | Order/Courtroom Minutes. Reset modification. Before Judge Marvin Isgur. Related to document 67. Reset to 11/09/2017 at 09:00AM. Dinorah Gonzalez for the Trustee David G Peake. Alexander Higginbotham for the Debtor. A new modification must be filed by November 2 or a withdrawal of the current modification. (mrios) (Entered: 10/12/2017) |
| 10/14/2017 | <u>72</u><br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):<u>70</u> Courtroom Minutes/Order - R1 LZP and JB - R6 MI DJ ER) No. of Notices: 2. Notice Date 10/14/2017. (Admin.) (Entered: 10/14/2017) |
| 10/14/2017 | <u>73</u><br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):<u>71</u> Courtroom Minutes/Order - R3 LZP and JB - R11 MI DJ ER) No. of Notices: 2. Notice Date 10/14/2017. (Admin.) (Entered: 10/14/2017) |
| 11/08/2017 | <u>74</u><br>(25 pgs; 5 docs) | Motion to Modify Chapter 13 Plan. Filed by Debtor Jamie Tyrone Jackson Hearing scheduled for 11/9/2017 at 09:00 AM. (Attachments: # <u>1</u> Proposed Order # <u>2</u> Exhibit A - Payment History # <u>3</u> Exhibit B - Amended Schedules I and J # <u>4</u> Modified Plan) (Black, J) (Entered: 11/08/2017) |
| 11/09/2017 | <u>77</u><br>(1 pg) | Order/Courtroom Minutes. Case Dismissed. Related to document 70. (mrios) (Entered: 11/09/2017) |
| 11/09/2017 | 75 | Motion terminated. Related to document 71. (mrios) (Entered: 11/09/2017) |
| 11/09/2017 | 76 | Motion terminated. Related to document 74. Alexander Higginbotham for the Debtor. Dinorah Gonzalez for the Trustee David G Peake Trustee. Mary Jackson. (mrios) (Entered: 11/09/2017) |
| 11/11/2017 | <u>78</u><br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):<u>77</u> Courtroom Minutes/Order - D1 MI ER - D00 ER) No. of Notices: 10. Notice Date 11/11/2017. (Admin.) (Entered: 11/11/2017) |
| 02/22/2018 | <u>79</u><br>(4 pgs) | Chapter 13 Trustee Final Report and Account. (Peake, David) (Entered: 02/22/2018) |
| 01/30/2019 | <u>80</u><br>(1 pg) | Final Decree Signed on 1/30/2019 (SarahShelby) (Entered: 01/30/2019) |
| 02/01/2019 | <u>81</u><br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):<u>80</u> Final Decree) No. of Notices: 1. Notice Date 02/01/2019. (Admin.) (Entered: 02/01/2019) |

BK CM/ECF LIVE - US Bankruptcy Court-Texas Southern

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/28/2020 15:19:26 | | | |
| **PACER Login:** | ▓▓▓▓▓▓▓▓ | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 16-33292 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

# EXHIBIT "E"

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

In re:

    Jamie Tyrone Jackson

       Debtor(s)

Case No. 16-33292-H1

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

David G. Peake, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. § 1302(b)(1). The trustee declares as follows:

1) The case was filed on <u>07/01/2016</u>.

2) The plan was confirmed on <u>11/22/2016</u>.

3) The plan was modified by order after confirmation pursuant to 11 U.S.C. § 1329 on <u>03/09/2017</u>.

4) The trustee filed action to remedy default by the debtor in performance under the plan on <u>01/09/2017, 06/29/2017</u>.

5) The case was dismissed on <u>11/09/2017</u>.

6) Number of months from filing to last payment: <u>13</u>.

7) Number of months case was pending: <u>20</u>.

8) Total value of assets abandoned by court order: <u>NA</u>.

9) Total value of assets exempted: <u>$17,965.00</u>.

10) Amount of unsecured claims discharged without payment: <u>$0.00</u>.

11) All checks distributed by the trustee relating to this case have cleared the bank.

**UST Form 101-13-FR-S (9/1/2009)**

**Receipts:**

| | |
|---|---|
| Total paid by or on behalf of the debtor | $17,485.00 |
| Less amount refunded to debtor | $0.00 |

**NET RECEIPTS:**                                                    **$17,485.00**

---

**Expenses of Administration:**

| | |
|---|---|
| Attorney's Fees Paid Through the Plan | $642.63 |
| Court Costs | $0.00 |
| Trustee Expenses & Compensation | $846.18 |
| Other | $0.00 |

**TOTAL EXPENSES OF ADMINISTRATION:**                    **$1,488.81**

Attorney fees paid and disclosed by debtor:        $0.00

---

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| AMERICAN INFOSOURCE LP | Unsecured | 1,050.00 | 1,030.55 | 1,030.55 | 0.00 | 0.00 |
| AT&T MOBILITY II LLC | Unsecured | 2,539.00 | 2,538.52 | 2,538.52 | 0.00 | 0.00 |
| BRIDGECREST CREDIT COMPANY LI | Unsecured | NA | 11,625.47 | 11,625.47 | 0.00 | 0.00 |
| CAVALRY SPV I LLC | Unsecured | 336.00 | 336.38 | 336.38 | 0.00 | 0.00 |
| CHASE AUTO FINANCE | Unsecured | 8,279.00 | NA | NA | 0.00 | 0.00 |
| COMMUNITY OF SPRING HOA INC | Secured | NA | NA | NA | 0.00 | 0.00 |
| CREDIT CNTRL | Unsecured | 1,150.00 | NA | NA | 0.00 | 0.00 |
| DIRECT ENERGY | Unsecured | 10,205.65 | NA | NA | 0.00 | 0.00 |
| FIRST PREMIER BANK | Unsecured | 398.00 | NA | NA | 0.00 | 0.00 |
| GLOBAL RECEIVABLES SOL | Unsecured | 612.00 | NA | NA | 0.00 | 0.00 |
| GLOBAL RECEIVABLES SOL | Unsecured | 612.00 | NA | NA | 0.00 | 0.00 |
| M CABRERA & ASSOCIATES PC | Unsecured | 2,000.00 | NA | NA | 0.00 | 0.00 |
| OCWEN LOAN SERVICING, LLC | Secured | 15,857.45 | 18,989.62 | 18,989.62 | 0.00 | 0.00 |
| OCWEN LOAN SERVICING, LLC | Secured | NA | 5,141.96 | 5,141.96 | 0.00 | 0.00 |
| OCWEN LOAN SERVICING, LLC | Secured | NA | 280,676.11 | 0.00 | 12,994.81 | 0.00 |
| OCWEN LOAN SERVICING, LLC | Secured | NA | 400.00 | 400.00 | 0.00 | 0.00 |
| PERITUS PORTFOLIO SERVICES II, LL | Secured | 18,946.00 | 20,548.33 | 15,000.00 | 2,474.66 | 526.72 |
| PERITUS PORTFOLIO SERVICES II, LL | Unsecured | NA | 5,548.33 | 5,548.33 | 0.00 | 0.00 |
| SANTANDER CONSUMER USA INC | Unsecured | NA | 0.00 | 0.00 | 0.00 | 0.00 |

**UST Form 101-13-FR-S (9/1/2009)**

| Summary of Disbursements to Creditors: | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing | $0.00 | $12,994.81 | $0.00 |
| Mortgage Arrearage | $24,131.58 | $0.00 | $0.00 |
| Debt Secured by Vehicle | $0.00 | $0.00 | $0.00 |
| All Other Secured | $15,400.00 | $2,474.66 | $526.72 |
| **TOTAL SECURED:** | **$39,531.58** | **$15,469.47** | **$526.72** |
| | | | |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | $0.00 | $0.00 | $0.00 |
| Domestic Support Ongoing | $0.00 | $0.00 | $0.00 |
| All Other Priority | $0.00 | $0.00 | $0.00 |
| **TOTAL PRIORITY:** | **$0.00** | **$0.00** | **$0.00** |
| | | | |
| **GENERAL UNSECURED PAYMENTS:** | **$21,079.25** | **$0.00** | **$0.00** |

| Disbursements: | |
|---|---|
| Expenses of Administration | $1,488.81 |
| Disbursements to Creditors | $15,996.19 |
| | |
| **TOTAL DISBURSEMENTS :** | **$17,485.00** |

12) The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Dated: 02/22/2018                    By:/s/ David G. Peake
                                     David G. Peake
                                     Chapter 13 Trustee

**STATEMENT:** This Unified Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-13-FR-S (9/1/2009)

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Trustee's Final Report has been served electronically on all parties requesting electronic notice and has been served on the listed parties (if listed) by mailing a copy of same to the address listed below via first class mail February 22, 2018.

/s/ David G. Peake
_____
David G. Peake
Chapter 13 Trustee

Jamie Tyrone Jackson
21807 Blossom Grove Lane
Spring, TX  77379

J THOMAS BLACK
ATTORNEY AT LAW
2600 S GESSNER SUITE 110
HOUSTON, TX  77063

OFFICE OF THE US TRUSTEE
515 RUSK AVE.
STE 3516
HOUSTON, TX 77002

**UST Form 101-13-FR-S (9/1/2009)**

# EXHIBIT "F"

5/28/2020                       BK CM/ECF LIVE - US Bankruptcy Court-Texas Southern

**CLOSED, DISMISSED**

# U.S. Bankruptcy Court
## Southern District of Texas (Houston)
## Bankruptcy Petition #: 18-32164

|  |  |
|---|---|
| | *Date filed:* 04/27/2018 |
| *Assigned to:* Jeffrey P Norman | *Date terminated:* 07/23/2018 |
| Chapter 13 | *Debtor dismissed:* 05/21/2018 |
| Voluntary | |
| Asset | |

*Debtor disposition:*  Dismissed for Failure to File
Information

| | |
|---|---|
| *Debtor* | represented by **Mary Magdalene Jackson** |
| **Mary Magdalene Jackson** | PRO SE |
| 21807 Blossom Grove Ln | |
| Spring, TX 77379 | |
| HARRIS-TX | |
| 832-235-7850 | |
| SSN / ITIN: xxx-xx-▄▄▄ | |

*Trustee*
**William E. Heitkamp**
Office of Chapter 13 Trustee
9821 Katy Freeway
Ste 590
Houston, TX 77024
713-722-1200

*U.S. Trustee*
**US Trustee**
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002
713-718-4650

| Filing Date | # | Docket Text |
|---|---|---|
| 04/27/2018 | 1 (8 pgs) | Chapter 13 Voluntary Petition Individual . Receipt Number 0, Fee Amount $310 Filed by Mary Magdalene Jackson . (mmap) (Entered: 04/27/2018) |
| 04/27/2018 | | Receipt Number 187937, Fee Amount $310.00. (Related document(s):1 Voluntary Petition (Chapter 13)) (mmap) (Entered: 04/27/2018) |
| 05/02/2018 | 2 (6 pgs) | Order: Possible Future Dismissal of Case. Court advises that 11 U.S.C. Section 521(i) requires automatic dismissal if information required by |

| | | |
|---|---|---|
| | | Section 521(a)(1) is not filed. Signed on 5/2/2018 (SamanthaWardaadi) (Entered: 05/02/2018) |
| 05/02/2018 | <u>3</u><br>(1 pg) | No proof of attendance at an approved credit counseling course has been filed. (SamanthaWardaadi) (Entered: 05/02/2018) |
| 05/02/2018 | <u>4</u><br>(4 pgs) | Initial Case Management Order, Initial Order on Debtor's Responsibilities, and Order Authorizing Use of Vehicles Pursuant to 363 and Providing Adequate Protection. Signed on 5/2/2018 (SamanthaWardaadi) (Entered: 05/02/2018) |
| 05/04/2018 | <u>5</u><br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):<u>3</u> Clerks Notice of No Proof of Credit Counseling Course Received.) No. of Notices: 1. Notice Date 05/04/2018. (Admin.) (Entered: 05/05/2018) |
| 05/04/2018 | <u>6</u><br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):<u>4</u> Initial Order for Chapter 13 Case) No. of Notices: 1. Notice Date 05/04/2018. (Admin.) (Entered: 05/05/2018) |
| 05/04/2018 | <u>7</u><br>(7 pgs) | BNC Certificate of Mailing. (Related document(s):<u>2</u> Order: Possible Future Dismissal of Case) No. of Notices: 1. Notice Date 05/04/2018. (Admin.) (Entered: 05/05/2018) |
| 05/21/2018 | <u>8</u><br>(1 pg) | Order Dismissing **Debtor** for deficiencies: Mailing Matrix and Social Security number. Signed on 5/21/2018 (TraceyConrad) (Entered: 05/21/2018) |
| 05/23/2018 | <u>9</u><br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):<u>8</u> Order Dismissing Case for Deficiencies) No. of Notices: 1. Notice Date 05/23/2018. (Admin.) (Entered: 05/24/2018) |
| 06/20/2018 | <u>10</u><br>(3 pgs) | Chapter 13 Trustee Final Report and Account. (Heitkamp, William) (Entered: 06/20/2018) |
| 07/23/2018 | <u>11</u><br>(1 pg) | Final Decree Signed on 7/23/2018 (hcar) (Entered: 07/23/2018) |
| 07/25/2018 | <u>12</u><br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):<u>11</u> Final Decree) No. of Notices: 1. Notice Date 07/25/2018. (Admin.) (Entered: 07/26/2018) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/28/2020 15:26:55 | | |
| PACER Login: | ▓▓▓▓▓▓ | Client Code: |
| **Description:** | Docket Report | **Search** | 18-32164 Fil or Ent: filed |

5/28/2020                                    BK CM/ECF LIVE - US Bankruptcy Court-Texas Southern

| | | Criteria: | Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
|---|---|---|---|
| Billable Pages: | 2 | Cost: | 0.20 |

# EXHIBIT "G"

TS No.: 2020-00102-TX
18-000710-673

## Notice of [Substitute] Trustee Sale

**Assert and protect your rights as a member of the armed forces of the United States. If you or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

**1. Date, Time and Place of Sale.**

**Date:**   06/02/2020

**Time:**   The sale will begin at 10:00 AM or not later than three hours after that time

**Place:**   AT THE GRAND BALLROOM OF THE BAYOU CITY EVENT CENTER LOCATED
AT 9401 KNIGHT ROAD IN THE CITY OF HOUSTON PER ORDER RECORDED IN
CLERK'S FILE NO. 20150492828 OR AS DESIGNATED BY THE COUNTY
COMMISSIONERS COURT PURSUANT TO SECTION 51.002 OF THE TEXAS
PROPERTY CODE AS THE PLACE WHERE FORECLOSURE SALES ARE TO
TAKE PLACE OR AS DESIGNATED BY THE COUNTY COMMISSIONERS

Property Address:   21807 Blossom Grove Ln, Spring, TX 77379-5111

**2. Terms of Sale:** The sale will be conducted as a public auction to the highest bidder for cash. Pursuant to the deed of trust, the mortgagee has the right to direct the Trustee to sell the property in one or more parcels and/or to sell all or only part of the property. Pursuant to section 51.009 of the Texas Property Code, the property will be sold in AS IS, WHERE IS condition, without any express or implied warranties, except as to the warranties of title, if any, provided for under the deed of trust. Any conveyance of the property is subject to all matters of record affecting the property.

**3. Instrument to be Foreclosed:** The instrument to be foreclosed is the Deed of Trust or Contract Lien dated 07/26/2006 and recorded 08/15/2006 in Book RP 026-26 Page 1910 Document Z531561 , real property records of Harris County, Texas, with Jamie Jackson and wife, Mary Jackson grantor(s) and OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION as Lender,  US BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-RP4 as Beneficiary.

**4. Appointment of Substitute Trustee:** In accordance with Texas Property Code Sec. 51.0076, the undersigned authorized agent for the mortgage servicer has named and appointed, and by these presents does name and appoint CARL MEYERS, LEB KEMP, VINCE ROSS, TRACI YEAMAN, KELLY MCDANIEL, KENNY SHIREY, CARY CORENBLUM, MATTHEW HANSEN, ISRAEL CURTIS, CLAY GOLDEN, STEPHEN MAYERS, EVAN PRESS, AMY BOWMAN, ANNA SEWART, DAVID BARRY, BYRON SEWART, PATRICIA POSTON, CARL NIENDORFF, L. KELLER MACKIE, MICHAEL ZIENTZ, RAFAEL REBONG, ESTER GONZALES, MICHAEL D. VESTAL, LISA D. HARDEN OR WES WEBB, Substitute Trustee to act under and by virtue of said Deed of Trust.

**5. Obligation Secured:** Deed of Trust or Contract Lien executed by Jamie Jackson and wife, Mary Jackson, securing the payment of the indebtedness in the original principal amount of $134,569.00, and obligations therein described including but not limited to the promissory note; and all modifications, renewals and extensions of the promissory note. US BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-RP4 is the current mortgagee of the note and deed of trust or contract lien.

Version 1.1 TX NOS 0217

Page 1 of 3

FILED 3/31/2020  11:36:43 AM      FRCL-2020-2816      DIANE TRAUTMAN, COUNTY CLERK, HARRIS COUNTY, TEXAS

TS No.: 2020-00102-TX
16-000750-673

### Notice of [Substitute] Trustee Sale

**6. Default:** A default has occurred in the payment of indebtedness, and the same is now wholly due, and the owner and holder has requested to sell said property to satisfy said indebtedness.

**7. Property to be sold:** The property to be sold is described as follows:

**LOT NINE (9), IN BLOCK THREE (3), OF SPRING TERRACE, SEC. 2, AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 570228 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS**

**8. Mortgage Servicer Information:** The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code § 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the lien securing the property referenced above. PHH Mortgage Corporation, as Mortgage Servicer, is representing the current mortgagee, whose address is:

**C/O PHH Mortgage Corporation**

1 Mortgage Way
Mt. Laurel, NJ 08054

Phone: 877-744-2596

FILED 3/31/2020 11:36:43 AM     FRCL-2020-2816     DIANE TRAUTMAN, COUNTY CLERK, HARRIS COUNTY, TEXAS

TS No.: 2020-00102-TX
18-000730-673

## Notice of [Substitute] Trustee Sale

9. Limitation of Damages: If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the funds paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee, or the Mortgagee's attorney.

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

Date: March 30, 2020

Stephanie Spurlock, Laterrika Thompkins, Camisha Scott, Iman Walcott, Tanesha Humphrey, Claire Buxton – Attorney or Authorized Agent of The Mortgagee or Mortgage Servicer

C/O Power Default Services, Inc.
Northpark Town Center
1000 Abernathy Rd NE; Bldg 400, Suite 200
Atlanta, GA 30328
Telephone: 855-427-2204
Fax: 866-960-8298

CARL MEYERS, LEB KEMP, VINCE ROSS, TRACI YEAMAN, KELLY MCDANIEL, KENNY SHIREY, CARY CORENBLUM, MATTHEW HANSEN, ISRAEL CURTIS, CLAY GOLDEN, STEPHEN MAYERS, EVAN PRESS, AMY BOWMAN, ANNA SEWART, DAVID BARRY, BYRON SEWART, PATRICIA POSTON, CARL NIENDORFF, L. KELLER MACKIE, MICHAEL ZIENTZ, RAFAEL REBONG, ESTER GONZALES, MICHAEL D. VESTAL, LISA D. HARDEN OR WES WEBB – Substitute Trustee(s)

C/O AVT Title Services, LLC
5177 Richmond Avenue Suite 1230
Houston, TX 77056

**POWER DEFAULT SERVICES, INC. MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

### Certificate of Posting

I am _____ whose address is c/o AVT Title Services, LLC, AVT Title Services, LLC, 5177 Richmond Avenue, Suite 1230, Houston, TX 77056. I declare under penalty of perjury that on _____ I filed this Notice of Foreclosure Sale at the office of the Harris County Clerk and caused it to be posted at the location directed by the Harris County Commissioners Court.

Version L1 TXNOS 2017                                                                 Page 3 of 3

Auction or Wolf

FILED 3/31/2020  11:36:43 AM   FRCL-2020-2816   DIANE TRAUTMAN, COUNTY CLERK, HARRIS COUNTY, TEXAS

6/8/2020 4:41 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43565173
By: Marcella Hill
Filed: 6/8/2020 4:41 PM

# J. GANNON HELSTOWSKI LAW FIRM
# 5209 HERITAGE AVENUE, SUITE 510
# COLLEYVILLE, TEXAS 76034
# (817) 382-3125 - Telephone
# (817) 382-1799 – Facsimile

June 8, 2020

Marilyn Burgess
Harris County District Clerk
201 Caroline, Suite 420
Houston, Texas 77002
Attn: Civil Process

> **RE:** **Request to Issue Citations**
> *Jamie T. Jackson, et ux. v. PHH Mortgage Corporation, et al.*
> **Cause No. 20920-32574; 127th District Court of Harris County**

Dear District Clerk:

Please issue an original Citation to each of the following defendants regarding the above referenced matter:

1.  **PHH Mortgage Corporation**
    c/o Corporation Service Company (CSC), Registered Agent
    211 East 7th Street, Suite 620
    Austin, Texas 78701

2.  **U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee, for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RP4**
    c/o CT Corporation Systems, Inc., Registered Agent
    1999 Bryan Street, Suite 900
    Dallas, Texas 75201

3.  **Power Default Services, Inc.**
    c/o Corporation Service Company (CSC), Registered Agent
    211 East 7th Street, Suite 620
    Austin, Texas 78701

1

Once issued, please upload the same and email to jgh@jghfirm.com with courtesy copies to ajf@jghfirm.com and diana@jghfirm.com.

Thank you for your assistance in this matter, and please feel free to contact me should you have any questions.

Respectfully submitted,

*/s/ **John G. Helstowski***
John G. Helstowski
State Bar No. 24078653
J. GANNON HELSTOWSKI LAW FIRM
13601 Preston Road, Suite E920
Dallas, Texas 75240
(817) 382-3125 – Telephone
(817) 382-1799 – Facsimile
Email: jgh@jghfirm.com
Attorney for Plaintiff

2

6/19/2020 1:59 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43894182
Receipt Number: 888498        By: Devanshi Patel
Tracking Number: 73756726        By: 6/19/2020 1:59 PM

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 2020-32574

| | |
|---|---|
| PLAINTIFF: JACKSON, JAMES T | In the 127th Judicial |
| vs. | District Court of |
| DEFENDANT: PHH MORTGAGE CORPORATION | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: U S BANK NATIONAL ASSOCIATION AS TRUSTEE SUCCESSOR IN INTEREST OF BANK OF AMERICA
NATIONAL ASSOCIATION   AS TRUSTEE SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL
ASSOCATION MAY BE SERVE THROUGH ITS REGISTERED AGENT C/O CT CORPORATION SYSTEMS INC
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

   Attached is a copy of PLAINTIFF'S ORIGINAL VERIFIED PETITION AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION.

This instrument was filed on May 29, 2020, in the above numbered and styled cause on
the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

   YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
June 9, 2020.



Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002


Generated By: MARCELLA SINGLETON

Issued at request of:
Helstowski, John
13601 PRESTON ROAD. STE. E920
DALLAS, TX  75240
940-765-3390

Bar Number: 24078653

## AFFIDAVIT OF SERVICE

**Cause No:2020-32574**

| | | |
|---|---|---|
| JAMIE T. JACKSON and MARY M. ·JACKSON, husband and wife, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| v. | § § | |
| PHH MORTGAGE CORPORATION; U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-RP4; and POWER DEFAULT SERVICES, INC., and their successors and/or assigns, | § § § § § § § § § § § § § § § | 127TH JUDICIAL DISTRICT |
| Defendants. | | OF HARRIS COUNTY, TEXAS |

**Documents: <u>CITATION WITH ATTACHED PLAINTIFF'S VERIFIED PETITION</u>**

Received on: <u>06/15/2020 3:45 p.m.</u> the above documents to be delivered to:

   US Bank National Association
   % CT Corporation Systems Inc.
   1999 Bryan St. Suite 900
   Dallas, TX 75201

I, Jamie Cox, the undersigned, being duly sworn, deposed and say that I am duly authorized to make delivery of the document(s) listed herein in the above styled case. I am over the age of 18, and I am not a party to or otherwise interested in this matter. Delivery of said documents occurred in the following manner:

By delivery to: <u>CT Corporation Systems Inc.- Registered Agent for - US Bank National Association</u>

Title/Relationship: <u>Registered Agent</u>

Address of Service: <u>1999 Bryan St. Suite 900, Dallas, TX 75201</u>

Date/Time of service:  <u>06/15/2020 5:00 p.m.</u>

Type of Service: <u>Certified Mail, Return Receipt Requested.</u>

*Jamie Cox*

Jamie Cox, Private Process Server
ID number PSC-14711, Expiring April 30, 2022

Signed and sworn to by the said, Jamie Cox before me this ___19___ th day of ___June___, 2020, to certify which witness my hand and seal of office.

*Marissa Vinson*

Notary Public in and for the State of Texas

My Commission expires ___04-14-2024___

(Seal)



MARISSA VINSON
Notary Public, State of Texas
Comm. Expires 04-14-2024
Notary ID 132437656

# EXHIBIT A

**Shipment Details**

| | |
|---|---|
| **Shipped To:** | US Bank National Association |
| | C/o CT Corporation System, 1999 Bryan St. Ste 900, Dallas, TX |
| | 75201-3140 |
| **Mailing Date:** | 6/16/2020 |
| **Est. Delivery:** | 1 day |
| **Service:** | Priority Mail (R) |
| **Signature:** | Requested |
| **Tracking:** | 9402911899563530384191 |

6/19/2020 1:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43894116
By: Devanshi Patel
Filed: 6/19/2020 1:58 PM

CAUSE NO. 2020-32574

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 888498  TRACKING NO: 73756430

| | |
|---|---|
| Plaintiff: | In The 127th |
| JACKSON, JAMES T | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| PHH MORTGAGE CORPORATION | Houston, Texas |

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:    POWER DEFAULT SERVICES INC (FOREIGN CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT C/O CORPORATION SERVICE COMPANY (CSC) 211 EAST 7TH STREET SUITE 620, AUSTIN TX 78701**

Attached is a copy of: PLAINTIFF'S ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

This instrument was filed on May 29, 2020 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on June 9, 2020, under my hand and seal of said court.

Issued at the request of:

Helstowski, John
13601 PRESTON ROAD. STE. E920
DALLAS, TX 75240
940-765-3390
Bar Number: 24078653



*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:MARCELLA SINGLETON

# AFFIDAVIT OF SERVICE

### Cause No:<u>2020-32574</u>

| | | |
|---|---|---|
| JAMIE T. JACKSON and MARY M. JACKSON, husband and wife, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| v. | § § § | |
| PHH MORTGAGE CORPORATION; U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-RP4; and POWER DEFAULT SERVICES, INC., and their successors and/or assigns, | § § § § § § § § § § § § § § | 127<u><sup>TH</sup></u> JUDICIAL DISTRICT<br><br><br><br><br>OF HARRIS COUNTY, TEXAS |
| Defendants. | | |

**Documents: <u>CITATION WITH ATTACHED PLAINTIFF'S VERIFIED PETITION</u>**

Received on: <u>06/15/2020 3:45 p.m.</u> the above documents to be delivered to:

> Power Default Services Inc
> ℅ Corporation Service Company
> 211 E. 7th St. Ste 620
> Austin, TX 78701

I, Jamie Cox, the undersigned, being duly sworn, deposed and say that I am duly authorized to make delivery of the document(s) listed herein in the above styled case. I am over the age of 18, and I am not a party to or otherwise interested in this matter. Delivery of said documents occurred in the following manner:

By delivery to: <u>Corporation Service Company - Registered Agent for - Power Default Services Inc.</u>

Title/Relationship: <u>Registered Agent</u>

Address of Service: <u>211 E. 7th St. Ste 620, Austin, TX 78701</u>

Date/Time of service:  <u>06/15/2020 5:00 p.m.</u>

Type of Service: <u>Certified Mail, Return Receipt Requested.</u>

_Jamie Cox_

Jamie Cox, Private Process Server
ID number PSC-14711, Expiring April 30, 2022

Signed and sworn to by the said, Jamie Cox before me this ___19___ th day of ___June___ , 2020, to certify which witness my hand and seal of office.

_Marissa Vinson_

Notary Public in and for the State of Texas

My Commission expires ___04-14-2024___

(Seal)



MARISSA VINSON
Notary Public, State of Texas
Comm. Expires 04-14-2024
Notary ID 132437656

# EXHIBIT A

**Shipment Details**

| | |
|---|---|
| **Shipped To:** | Power Default Service Inc.<br>c/o Corporation Service Company, 211 East 7th St. Ste 620, Austin, TX 78701-3218 |
| **Mailing Date:** | 6/16/2020 |
| **Est. Delivery:** | 2 days |
| **Service:** | Priority Mail (R) |
| **Signature:** | Requested |
| **Tracking:** | 9402911899563530290447 |

6/19/2020 1:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43894012
Receipt Number: 8884981     By: Devanshi Patel
Tracking Number: 73756424   Filed: 6/19/2020 1:56 PM

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 2020-32574

| | |
|---|---|
| PLAINTIFF: JACKSON, JAMES T | In the 127th Judicial |
| vs. | District Court of |
| DEFENDANT: PHH MORTGAGE CORPORATION | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: PHH MORTGAGE CORPORATION (FOREIGN LIMITED LIABILITY COMPANY) MAY BE SERVED THROUGH ITS REGISTERED AGENT CORPORATION SERVICE COMPANY (CSC)

211 EAST 7TH STREET SUITE 620

AUSTIN TX 78701

    Attached is a copy of PLAINTIFF'S ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION.

This instrument was filed on May 29, 2020, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this June 9, 2020.



Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: MARCELLA SINGLETON

Issued at request of:
Helstowski, John
13601 PRESTON ROAD. STE. E920
DALLAS, TX  75240
940-765-3390

Bar Number: 24078653

# AFFIDAVIT OF SERVICE

### Cause No:<u>2020-32574</u>

| | | |
|---|---|---|
| JAMIE T. JACKSON and MARY M. JACKSON, husband and wife, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| v. | § § § | |
| PHH MORTGAGE CORPORATION; U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-RP4; and POWER DEFAULT SERVICES, INC., and their successors and/or assigns, | § § § § § § § § § § § § § § § § | 127<u><sup>TH</sup></u> JUDICIAL DISTRICT <br><br> OF HARRIS COUNTY, TEXAS |
| Defendants. | | |

**Documents:** <u>**CITATION WITH ATTACHED PLAINTIFF'S VERIFIED PETITION**</u>

Received on: <u>06/15/2020 3:45 p.m.</u> the above documents to be delivered to:

  PHH Mortgage Corporation
  ℅ Corporation Service Company
  211 E. 7th St. Ste 620
  Austin, TX 78701

I, Jamie Cox, the undersigned, being duly sworn, deposed and say that I am duly authorized to make delivery of the document(s) listed herein in the above styled case. I am over the age of 18, and I am not a party to or otherwise interested in this matter. Delivery of said documents occurred in the following manner:

By delivery to: <u>Corporation Service Company - Registered Agent for - PHH Mortgage Corporation</u>

Title/Relationship: <u>Registered Agent</u>

Address of Service: <u>211 E. 7th St. Ste 620, Austin, TX 78701</u>

Date/Time of service:  <u>06/15/2020 5:00 p.m.</u>

Type of Service: <u>Certified Mail, Return Receipt Requested.</u>

_Jamie Cox_

Jamie Cox, Private Process Server
ID number PSC-14711, Expiring April 30, 2022

Signed and sworn to by the said, Jamie Cox before me this ___19___ th day of ___June___ , 2020, to certify which witness my hand and seal of office.

_Marissa Vinson_

Notary Public in and for the State of Texas

My Commission expires___04-14-2024___

(Seal)



MARISSA VINSON
Notary Public, State of Texas
Comm. Expires 04-14-2024
Notary ID 132437656

# EXHIBIT A

**Shipment Details**

| | |
|---|---|
| **Shipped To:** | PHH Mortgage Corp |
| | c/o Corporation Service Company, 211 E. 7th St. Suite 620, Austin, TX 78701-3218 |
| **Mailing Date:** | 6/16/2020 |
| **Est. Delivery:** | 2 days |
| **Service:** | Priority Mail (R) |
| **Signature:** | Requested |
| **Tracking:** | 9402911899563530348940 |

7/7/2020 5:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44327399
By: CAROL WILLIAMS
Filed: 7/7/2020 5:30 PM

### CAUSE NO. 2020-32574

| | |
|---|---|
| JAMIE T. JACKSON and MARY M. JACKSON, §<br><br>*Plaintiffs*,<br><br>v.<br><br>PHH MORTGAGE CORPORATION; U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-RP4; and POWER DEFAULT SERVICES, INC.,<br><br>*Defendants*. | IN THE DISTRICT COURT<br><br><br><br>127TH JUDICIAL DISTRICT<br><br><br><br>HARRIS COUNTY, TEXAS |

### DEFENDANTS' ORIGINAL ANSWER

Defendants PHH Mortgage Corporation; U.S. Bank, National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RP4, and Power Default Services, Inc. (collectively, "***Defendants***") file their Original Answer to Plaintiffs' Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction (the "***Original Petition***") and respectfully show the Court the following:

### GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every claim, charge, and allegation contained in the Original Petition, and request

627143.1

that the Court require Plaintiffs to prove their claims by a preponderance of the credible evidence, or by such applicable higher standard as required by law.

## AFFIRMATIVE DEFENSES

2.      Some or all of Plaintiffs' claims are barred because Plaintiffs have failed to satisfy conditions precedent to recovery.

3.      Some or all of Plaintiffs' claims are barred by the doctrines of waiver, ratification, unclean hands, and/or estoppel.

4.      Some or all of Plaintiffs' claims are barred because Plaintiffs failed to make payments as agreed and, therefore are in default and breached the loan agreement underlying this action.

5.      Any damages sustained by Plaintiffs (the existence of which is denied) were the result of acts or omissions of parties other than Defendants, for which Defendants are not legally responsible.

6.      Plaintiffs have not sustained any damages proximately caused by Defendants.

7.      Plaintiffs' claims are barred, in part or in whole, by the doctrine equitable subrogation.

8.      Plaintiffs' claims are barred, in part or in whole, by contractual subrogation.

9.      Plaintiffs failed to state a claim upon which relief can be granted.

10.     Defendants are entitled to an offset of any damages awarded under the doctrine of recoupment and offset.

11.     Defendants reserve the right to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery.

627143.1

Defendants respectfully pray that Plaintiffs take nothing by reason of the claims as alleged, and for such other and further relief to which this Court deems Defendants to be justly entitled.

Respectfully submitted,

By: /s/ Greg DeVries

EMILY STROOPE
State Bar No. 24070692
estroope@mcglinchey.com
MCGLINCHEY STAFFORD
Three Energy Square,
6688 North Central Expressway, Suite 400,
Dallas, Texas 75206
Telephone : (214) 445-2445
Facsimile:  (214) 445-2450

GREG DEVRIES
State Bar No. 24105802
MCGLINCHEY STAFFORD
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone : (713) 520-1900
Facsimile:  (713) 520-1025
gdevries@mcglinchey.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2020, a copy of the above and foregoing was filed electronically with the Clerk of Court.  Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system and/or via email.

***<u>Via Email and/or ECF Notification</u>***
John G. Helstowski
13601 Preston Road, Suite E920
Dallas, Texas 75240
jgh@jghfirm.com
***Attorney for Plaintiff***

*/s/ Greg DeVries*
**GREG DEVRIES**

12.

627143.1

7/15/2020 4:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44555462
By: CAROL WILLIAMS
Filed: 7/15/2020 4:30 PM

**CAUSE NO. 2020-32574**

| | | |
|---|---|---|
| JAMIE T. JACKSON and MARY M. JACKSON, | § § § | IN THE DISTRICT COURT |
| *Plaintiff*, | § § | |
| v. | § § | |
| PHH MORTGAGE CORPORATION; U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-RP4; and POWER DEFAULT SERVICES, INC., | § § § § § § § § § § § § § § | 127TH JUDICIAL DISTRICT |
| | § § § | HARRIS COUNTY, TEXAS |
| *Defendants*. | § § | |

### DEFENDANT POWER DEFAULT SERVICES, INC.'S FIRST AMENDED ANSWER AND VERIFIED DENIAL AS SUBSTITUTE TRUSTEE

Defendant Power Default Services, Inc. ("***Power Default***") files its First Amended Answer and Verified Denial as Substitute Trustee pursuant to Tex. Prop. Code § 51.007.

### I.  GENERAL DENIAL

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Power Default generally denies each and every claim, charge, and allegation contained in Plaintiffs' Original Petition and requests that the Court require Plaintiffs to prove their claims by a preponderance of the credible evidence.

### II.  VERIFIED DENIAL

2.     Power Default is not a necessary party to this action.  Plaintiffs named Power Default as a party solely in its capacity as a substitute trustee under the Deed of Trust made

785223.1

subject of this case.  Power Default is expressly identified and named in the Petition in its capacity as substitute trustee.  Further, Power Default has never corresponded nor interacted with Plaintiffs outside of the foreclosure that was scheduled for the property made subject of this litigation.  The alleged acts and/or omissions of Power Default that are referenced in the Petition were committed and/or omitted in Power Default's capacity as substitute trustee.

## III.  INCORPORATION OF DEFENSES

3.      Power Default hereby incorporates by reference each defense raised in Defendants' Original Answer.

WHEREFORE, Power Default, as substitute trustee, respectfully prays that Plaintiffs take nothing by reason of the claims as alleged, and for such other and any further relief to which this Court deems it to be justly entitled.

Respectfully submitted,

**By:** _/s/ Greg DeVries_____

**EMILY STROOPE**
State Bar No. 24070692
estroope@mcglinchey.com
**MCGLINCHEY STAFFORD**
Three Energy Square,
6688 North Central Expressway, Suite 400, Dallas, Texas 75206
Telephone :  (214) 445-2445
Facsimile:  (214) 445-2450

**GREG DEVRIES**
State Bar No. 24105802
**MCGLINCHEY STAFFORD**
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone :  (713) 520-1900
Facsimile:  (713) 520-1025
gdevries@mcglinchey.com

**ATTORNEYS FOR DEFENDANTS**

785223.1

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2020, a copy of the above and foregoing was filed electronically with the Clerk of Court.  Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system and/or via email.

***Via Email and/or ECF Notification***
John G. Helstowski
13601 Preston Road, Suite E920
Dallas, Texas 75240
jgh@jghfirm.com
***Attorney for Plaintiffs***

/s/ Greg DeVries
**GREG DEVRIES**

785223.1

## VERIFICATION

STATE OF Georgia   §
                 §
COUNTY OF Cobb   §

      BEFORE ME, the undersigned authority, personally appeared Stephanie Spurlock, being by me duly sworn, and upon his/her oath deposed and stated that he/she has read Defendant Power Default Services, Inc.'s First Amended Answer and Verified Denial and that the facts stated are true and correct and are based upon my personal knowledge.

Signature: _____

Printed Name: Stephanie Spurlock

Title: Senior Manager

      SUBSCRIBED AND SWORN TO BEFORE ME on this 15th day of July, 2020 to certify which witness my hand and official seal.

_____
Notary Public in and for the
State of Georgia

